UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RONALD JEAN MARTIN AGENOR and | : | CASE NO. 14-51529 - WLH |
| TONYA WILLIAMS AGENOR, | : | |
| | : | |
| Debtors. | : | |
| | : | |

**MOTION FOR ORDER AUTHORIZING COMPROMISE AND SETTLEMENT WITH DEBTORS UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9019 AND COMPELLING PAYMENTS DIRECTLY TO TRUSTEE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("Trustee") for the bankruptcy estates of Ronald Jean Martin Agenor ("Mr. Agenor") and Tonya Williams Agenor ("Mrs. Agenor") (collectively, "Debtors"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Compromise and Settlement with Debtors under Federal Rules of Bankruptcy Procedure Rule 9019 and Compelling Payments Directly to Trustee* (the "Settlement Motion"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

**I. JURISDICTION**

1.  This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure. This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**II. BACKGROUND**

2.  On January 23, 2014 (the "Petition Date"), Debtors filed in this Court a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), initiating this bankruptcy case (the "Bankruptcy Case").

1

3. Trustee was appointed the Chapter 7 trustee and remains in that capacity.

4. At the commencement of the Bankruptcy Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a), and the Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7) (2014).

5. Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2014).

6. Prior to the Petition Date, Mr. Agenor played tennis on the tour of the Association of Tennis Professionals (the "ATP"), but Mr. Agenor was not an employee of the ATP.

7. On Schedule C – Property Claimed as Exempt (Doc. No. 1 at page 15 of 81), Mr. Agenor scheduled an exemption of his interest in an ATP Retirement Plan (the "ATP Plan") under O.C.G.A. § 44-13-100(a)(2.1)(C) (the "Exemption").

8. The ATP Plan is a split-dollar life insurance arrangement, whereby the ATP Tour, Inc. makes loans to former and/or current ATP tennis players to pay premiums for life insurance benefits represented by various insurance policies.

9. Mr. Agenor is entitled to receive annual payments from his interest in the ATP Plan for 20 years (the "Annual Payments").

10. The ATP Plan includes a life insurance policy that provides a death benefit upon the death of Mr. Agenor (the "Life Insurance Policy").

11. Mrs. Agenor is the sole beneficiary (the "Beneficiary") of the Life Insurance Policy and will receive insurance proceeds if Mr. Agenor dies (the "Insurance Proceeds").

12. After the Section 341 Meeting of Creditors, a review of available documents, and an investigation by Trustee, Trustee determined that there are issues with the Exemption.

13. On July 30, 2014, Trustee filed Trustee's Objection to Debtors' Claim of Exemptions (Doc. No. 33), requesting, among other things, that the Court enter an order denying the Exemption.

### III. THE SETTLEMENT

14. Following negotiations, Trustee and Debtors (collectively, the "Parties") have reached an agreement related to the Exemption. Trustee attaches a copy of the Settlement Agreement as Exhibit "A" to this Settlement Motion. Significant terms of the Settlement Agreement are as follows:[1]

    a. After the Settlement Order becomes final, Mr. Agenor shall pay $94,500.00 (the "$94,500.00 Settlement Funds") to Trustee from the Annual Payments by turning over, or causing to be turned over, to Trustee 60% of each Annual Payment (the "60% Payment") until the $94,500.00 Settlement Funds are paid in full.;[2]

    b. Notwithstanding anything to the contrary in the Agreement, Mr. Agenor or Mrs. Agenor may pay at any time the entire amount due under the Agreement without incurring a pre-payment penalty.

    c. If Mr. Agenor dies before the $94,500.00 Settlement Funds are paid in full, Mrs. Agenor shall pay the remaining amount of the $94,500.00 Settlement Funds to Trustee from the Insurance Proceeds;

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.
[2] Capitalized terms not defined in this Settlement Motion shall have the meanings given to them in the Settlement Agreement.

3

    d.    Mr. Agenor and Mrs. Agenor represent and warrant to Trustee that Mrs. Agenor is the Beneficiary of the Life Insurance Policy. Prior to the $94,500.00 Settlement Funds being paid in full, neither Mr. Agenor nor Mrs. Agenor shall change or otherwise alter the Beneficiary of the Life Insurance Policy without the express written consent of Trustee;

    e.    Neither Mr. Agenor nor Mrs. Agenor shall (i) take any loans from, (ii) take any early withdraws from, (iii) direct payment to any third party from, (iv) sell their interest in, or (v) modify the terms of the ATP Plan without the express written consent of Trustee;

    f.    The Parties stipulate and agree that neither Mr. Agenor nor Mrs. Agenor shall have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the $94,500.00 Settlement Funds, or for any reason, and that neither Debtors nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate; and

    g.    Mr. Agenor and Mrs. Agenor agree that each 60% Payment should be made directly to Trustee and shall use their best efforts to cause the ATP Tour, Inc., or its agent or affiliate, to pay each 60% Payment directly to Trustee.

### IV. RELIEF REQUESTED

15.    By this Settlement Motion, Trustee requests that the Court approve the Settlement Agreement between Trustee and Debtors.

16.    Trustee also requests that any order approving the Settlement Agreement include a provision authorizing and compelling ATP Tour, Inc., or its agent or affiliate, to pay each 60% Payment directly to Trustee.

## V. BASIS FOR RELIEF

17. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

18. The proposed settlement between Trustee and Debtors is the product of arms-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

19. Given the potential expense of litigation, in the event the claims which are proposed to be settled are instead prosecuted, the amount of time that such litigation will require,

5

the delay before the final outcome is known, and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described herein is in the best interests of the Bankruptcy Estate.

20. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges the Court to approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; (iii) authorizing and compelling ATP Tour, Inc., or its agent or affiliate, to pay each 60% Payment directly to Trustee; and (iv) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 18th day of March, 2015.

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
J. Michael Lamberth
Georgia Bar No. 431975
jml@lcsenlaw.com
Michael J. Bargar
Georgia Bar No. 645709
mjb@lcsenlaw.com

3343 Peachtree Road, N.E., Suite 550
Atlanta, GA 30326
(404) 262-7373

6

# EXHIBIT "A" FOLLOWS

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of this 17th day of March, 2015 (the "Effective Date"), by and between S. Gregory Hays, as Chapter 7 Trustee ("Trustee") for the bankruptcy estates (collectively, the "Bankruptcy Estate") of Ronald Jean Martin Agenor and Tonya Williams Agenor, and Ronald Jean Martin Agenor ("Mr. Agenor"), an individual resident of the State of Florida, and Tonya Williams Agenor ("Mrs. Agenor", and collectively with Mr. Agenor, "Debtors"), an individual resident of the State of Florida.

## WITNESSETH:

WHEREAS, on January 23, 2014 ("Petition Date"), Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("Bankruptcy Court"), Chapter 7 Case No. 14-51529-WLH (the "Bankruptcy Case");

WHEREAS, prior to the Petition Date, Mr. Agenor played tennis on the tour of the Association of Tennis Professionals (the "ATP"), but Mr. Agenor was not an employee of the ATP;

WHEREAS, on *Schedule C – Property Claimed as Exempt* (Doc. No. 1 at page 15 of 81), Mr. Agenor scheduled an exemption of his interest in an ATP Retirement Plan (the "ATP Plan") under O.C.G.A. § 44-13-100(a)(2.1)(C) (the "Exemption");

WHEREAS, the ATP Plan is a split-dollar life insurance arrangement, whereby the ATP Tour, Inc. makes loans to former and/or current ATP tennis players to pay premiums for life insurance benefits represented by various insurance policies;

WHEREAS, Mr. Agenor is entitled to receive annual payments from his interest in the ATP Plan for 20 years (the "Annual Payments");

WHEREAS, the ATP Plan includes a life insurance policy that provides a death benefit upon the death of Mr. Agenor (the "Life Insurance Policy");

WHEREAS, Mrs. Agenor is the sole beneficiary (the "Beneficiary") of the Life Insurance Policy and will receive insurance proceeds if Mr. Agenor dies (the "Insurance Proceeds");

WHEREAS, after the Section 341 Meeting of Creditors, a review of available documents, and an investigation by Trustee, Trustee determined that there are issues with the Exemption;

WHEREAS, on July 30, 2014, Trustee filed *Trustee's Objection to Debtors' Claim of Exemptions* (Doc. No. 33), requesting, among other things, that the Court enter an order denying the Exemption;

WHEREAS, although each party hereto denies and rejects the opposing party's claims and allegations and does not admit or accept any liability of any nature in connection therewith, to avoid the further cost and the uncertainties of litigation, the parties, now desire to settle finally and forever the disputes related to the Exemption;

WHEREAS, following negotiations, Trustee, Mr. Agenor, and Mrs. Agenor have reached an agreement to resolve the issues raised by Trustee as to the Exemption (the "Exemption Issues");

NOW THEREFORE, in consideration of the mutual covenants and promises set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto (collectively, the "Parties"), intending to be legally bound, hereby agree as follows:

1. *Recitations.* The recitations above are incorporated into this Agreement as if set forth fully herein.

2. *Resolution of the Exemption Issues.* Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes between them as to the Exemption Issues as follows:

(a) *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee agrees to prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Settlement Approval Motion"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("Settlement Approval Order").

(b) *Payment of Settlement Funds.* After the Settlement Order becomes final, Mr. Agenor shall pay $94,500.00 (the "$94,500.00 Settlement Funds") to Trustee from the Annual Payments by turning over, or causing to be turned over, to Trustee 60% of each Annual Payment (the "60% Payment") until the $94,500.00 Settlement Funds are paid in full.

For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

(c) *No Pre-Payment Penalty.* Notwithstanding anything to the contrary in this Agreement, Mr. Agenor or Mrs. Agenor may pay at any time the entire amount due under this Agreement without incurring a pre-payment penalty.

(d) *Payment of $94,500.00 Settlement Funds from Insurance Proceeds.* If Mr. Agenor dies before the $94,500.00 Settlement Funds are paid in full, Mrs. Agenor shall pay the remaining amount of the $94,500.00 Settlement Funds to Trustee from the Insurance Proceeds.

(e) *No Beneficiary Change in Life Insurance Policy.* Mr. Agenor and Mrs. Agenor represent and warrant to Trustee that Mrs. Agenor is the Beneficiary of the Life Insurance Policy. Prior to the $94,500.00 Settlement Funds being paid in full, neither Mr. Agenor nor Mrs. Agenor shall change or otherwise alter the Beneficiary of the Life Insurance Policy without the express written consent of Trustee.

(f) *No Loans or Early Withdraws from ATP Plan.* Neither Mr. Agenor nor Mrs. Agenor shall (i) take any loans from, (ii) take any early withdrawals from, (iii) direct payment to any third party from, (iv) sell their interest in, or (v) modify the terms of the ATP Plan without the express written consent of Trustee.

(g) *Provide Statements and ATP Plan Documents to Trustee.* Mr. Agenor shall provide copies of any document that he receives related to the ATP Plan, including monthly, quarterly, or annual statements of account, to Trustee within 30 days of receiving

such documents.

 (h) *No Section 502(h) Claim*. The Parties stipulate and agree that neither Mr. Agenor nor Mrs. Agenor shall have a claim under Section 502(h) of the Bankruptcy Code in the Bankruptcy Case for or on account of payment of the $94,500.00 Settlement Funds, or for any reason, and that neither Debtors nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

 (i) *Best Efforts to Cause 60% Payment to be Made Directly to Trustee*. Trustee will include in the Settlement Approval Motion a request that the Bankruptcy Court direct the ATP Tour, Inc., or its agent or affiliate, to pay over directly to Trustee each 60% Payment. Mr. Agenor and Mrs. Agenor agree that each 60% Payment should be made directly to Trustee and shall use their best efforts to cause the ATP Tour, Inc., or its agent or affiliate, to pay each 60% Payment directly to Trustee.

 3. *No Admissions*. The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

 4. *Entire Agreement; Modification*. The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee, Mr. Agenor, and Mrs. Agenor and any material amendment is subject to Bankruptcy Court approval.

 5. *Voluntary Execution of Agreement*. The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee, Mr. Agenor, or Mrs. Agenor but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

 6. *Authority of Parties*. The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

 7. *Counterparts*. This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

 8. *Bankruptcy Court Jurisdiction*. The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

9. *Georgia Law Applicable.* This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

10. *Severability.* If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

11. *Notices.* Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed duly served: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the Parties as follows:

(a) If to Trustee:

    c/o Michael J. Bargar, Esq.
    Lamberth, Cifelli, Stokes, Ellis & Nason, P.A.
    3343 Peachtree Road NE, Suite 550
    Atlanta, GA 30326-1022
    mjb@lcsenlaw.com (electronic mail)

(b) If to Mr. Agenor:

    Mr. Ronald Jean Martin Agenor
    [REDACTED]

    (electronic mail)

(c) If to Mrs. Agenor:

    Mrs. Tonya Williams Agenor
    [REDACTED]

    (electronic mail)

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

12. *Restoration.* In the event that the Bankruptcy Court (a) denies approval of this Agreement, or (b) fails to enter the Settlement Approval Order on or before July 31, 2015, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

13. *Parties to Bear Own Costs.* Except as otherwise stated in this Agreement, each

Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

[INTENTIONALLY LEFT BLANK]

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the date first set forth above.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estates of
Ronald Jean Martin Agenor and Tonya
Williams Agenor (Case No. 14-51529-WLH)
Dated: 3-17-15

Mr. Ronald Jean Martin Agenor
Dated: 3-17-15

Mrs. Tonya Williams Agenor
Dated: 3-17-15

452551.DOC

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a true and correct copy of the foregoing *Motion for Order Authorizing Compromise and Settlement with Debtors under Federal Rules of Bankruptcy Procedure Rule 9019 and Compelling Payments Directly to Trustee* by first class United States mail on the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Spring Street, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
3343 Peachtree Road, NE
Suite 200
Atlanta, GA 30326

Ronald Jean Martin Agenor
7527 Roswell Road, NE, #566852
Atlanta, GA 31156

Tonya Williams Agenor
7527 Roswell Road, NE, #566852
Atlanta, GA 31156

Shannon R. Brandao
S. Brandao, LLC
4514 Chamblee Dunwoody Road
Suite 295
Atlanta, GA 30338

ATP Tour, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

This 18th day of March, 2015.

                                                  /s/ Michael J. Bargar
                                                  Michael J. Bargar
                                                  Georgia Bar No. 645709
                                                  MJB@lcsenlaw.com