UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RONALD JEAN MARTIN AGENOR and | : | CASE NO. 14-51529 - WLH |
| TONYA WILLIAMS AGENOR, | : | |
| | : | |
| Debtors. | : | |
| | : | |

### MOTION FOR AUTHORITY TO MAKE INTERIM DISTRIBUTION

COMES NOW S. Gregory Hays, Chapter 7 trustee ("**Trustee**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Ronald Jean Martin Agenor ("**Mr. Agenor**") and Tonya Williams Agenor ("**Mrs. Agenor**" and collectively with Mr. Agenor, "**Debtors**"), by and through undersigned counsel, and files this *Motion for Authority to Make Interim Distribution* ("**Distribution Motion**").  In support of the Distribution Motion, Trustee respectfully shows as follows:

### Jurisdiction and Venue

1. This Bankruptcy Court has jurisdiction to hear this Distribution Motion under 28 U.S.C. §§ 157 and 1334.  This Distribution Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper before this Bankruptcy Court under 28 U.S.C. §§ 1408 and 1409.

### Background

2. On January 23, 2014, (the "**Petition Date**"), Debtors filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**"), initiating Bankruptcy Case No. 14-51529-WLH (the "**Bankruptcy Case**" or "**Case**").

17324774v1

3. Trustee is the duly authorized and acting Chapter 7 Trustee for the Bankruptcy Estate.

4. Debtors filed this Bankruptcy Case as a no-asset case. [Doc. No. 1 at Page 1].

5. Nevertheless, through the efforts of Trustee and his professionals, Trustee is currently holding approximately $56,000.00 in the Bankruptcy Estate's bank account (through the settlement described below, Trustee will receive another approximately $35,000.00 for the benefit of the Bankruptcy Estate). As set forth below, Trustee recovered these funds through a resolution of an objection to an exemption claimed by Mr. Agenor.

6. In this regard, prior to the Petition Date, Mr. Agenor played professional tennis on the tour of the Association of Tennis Professionals (the "**ATP**"), but, importantly for Trustee, Mr. Agenor was not an employee of the ATP (this classification was, in part, what allowed Trustee to test the propriety of Mr. Agenor's claimed exemption in the ATP Plan).

7. On his *Schedule C – Property Claimed as Exempt* [Doc. No. 1 at page 15 of 81), Mr. Agenor scheduled an exemption of his entire interest in an ATP Retirement Plan (the "**ATP Plan**") under O.C.G.A. § 44-13-100(a)(2.1)(C) (the "**Exemption**").

8. After a detailed investigation by Trustee and his professionals, Trustee discovered that the ATP Plan is a split-dollar life insurance arrangement, whereby the ATP Tour, Inc. makes loans to former and/or current ATP tennis players to pay premiums for life insurance benefits represented by various life insurance policies. As a result of playing on the ATP tour and through this program, Mr. Agenor is entitled to receive annual payments from his interest in the ATP Plan for 20 years (the "**Annual Payments**").

9. After the Debtors' Section 341 meeting, a review of available documents, and detailed legal research by Trustee's professionals, Trustee determined that the claimed

2

Exemption may have been inappropriate under applicable Georgia and federal laws, including the Bankruptcy Code and Tax Code.

10. As a result, on July 30, 2014, Trustee filed an objection [Doc. No. 33], requesting, among other things, that the Court enter an order denying the Exemption.

11. Debtors contested Trustee's arguments regarding the propriety of the Exemption, and, following negotiations, Trustee and Debtors entered into a settlement agreement (the "**Settlement Agreement**") regarding these issues, subject to Bankruptcy Court approval.

12. On March 18, 2015, Trustee filed a settlement motion [Doc. No. 49] (the "**Settlement Motion**") in this regard, and, following a supplement [Doc. No. 55] filed on April 20, 2015, the Court entered an order [Doc. No. 59] approving the Settlement Motion and Settlement Agreement. As a result of the Settlement Agreement, the Bankruptcy Estate will receive $94,500.00 from the Annual Payments.

13. To date, Trustee has received approximately $58,000.00 and would like to make an interim distribution to Debtors' unsecured creditors along with paying outstanding administrative expenses.

14. The deadline for all creditors to file proofs of claim was September 3, 2014. [Doc. No. 29].

**Relief Requested**

15. Trustee requests authority from the Bankruptcy Court to pay, through an interim distribution, 100% to allowed, priority claimants and a 1.0% initial distribution to timely filed, allowed, general unsecured claimants. All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the final administration of the

17324774v1

bankruptcy case. Attached hereto and incorporated herein by reference as Exhibit "A" is a detailed listing of the proposed distributions to creditors (the "**Interim Distribution Analysis**").

## Basis for Relief

16. Contemporaneously with this Distribution Motion, Trustee and the professionals employed in this Bankruptcy Case will file interim applications for compensation. In the interim application of Trustee, Trustee is requesting approval of $5,995.33 in interim compensation and $62.31 in reimbursement of expenses. The requested compensation of $5,995.33 represents the statutory allowance of compensation pursuant to 11 U.S.C. § 326 based on distributions to date of $2,328.07 plus proposed interim distributions of $52,578.50 (which includes proposed payments for interim fee applications of professionals—discussed below). Trustee is requesting authority from the Court to pay 100% of his requested interim compensation and 100% of his expenses for a total of $6,057.64.

17. In the interim application of Hays Financial Consulting, LLC ("**HFC**"), as accountants for Trustee, HFC is requesting approval of $8,850.00 in interim compensation and $702.89 in reimbursement of expenses. HFC is requesting authority from the Bankruptcy Court for Trustee to pay 100% of its requested interim compensation and 100% of its expenses for a total of $9,552.89.

18. In the final application of Lamberth Cifelli Ellis & Nason, P.A. ("**LCEN**"), as former attorneys for Trustee, LCEN is requesting approval of $18,217.50 in final compensation and $60.81 in reimbursement of expenses. LCEN is requesting authority from the Bankruptcy Court for Trustee to pay 100% of its requested final compensation and 100% of its expenses for a total of $18,278.31.

19. In the interim application of Arnall Golden Gregory LLP ("**AGG**"), as attorneys for Trustee, AGG is requesting approval of $10,707.50 in interim compensation and $36.86 in reimbursement of expenses. AGG is requesting authority from the Bankruptcy Court for Trustee to pay 100% of its requested interim compensation and 100% of its expenses for a total of $10,744.36.

20. Unpaid and allowed priority claims total $5,478.77, as set forth on Exhibit "A." Trustee proposes to make an interim distribution of $5,478.77 (or a 100.00% payment) to holders of timely filed priority claims.

21. Allowed general unsecured claims total $246,651.23, as set forth on Exhibit "A." Trustee proposes to make an interim distribution of $2,466.53 (or a 1.00% payment) to holders of timely filed, allowed, general unsecured claims.

22. The remaining funds for the Reserve and additional administrative expense claims and the remaining, allowed, general unsecured claims will be approximately $3,900.00. Trustee anticipates receiving additional funds in December of 2021 or January of 2022 as a result of the Settlement Agreement and will continue to collect the outstanding Settlement Funds of $35,659.00 until he receives the total amount owed of $94,500.00. Trustee plans to make another interim distribution to holders of timely filed, non-priority claims as those additional funds are received.

[INTENTIONALLY LEFT BLANK]

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court (i) grant this Distribution Motion, (ii) authorize an interim distribution in this Bankruptcy Case on approved claims based on the attached Interim Distribution Analysis, and (iii) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 9th day of November, 2021.

                                              ARNALL GOLDEN GREGORY LLP
                                              *Attorneys for Trustee*

                                            By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100          Michael J. Bargar
Atlanta, Georgia 30363                   Georgia Bar No. 645709
(404) 873-7030                             michael.bargar@agg.com
(404) 873-7031 (facsimile)

17324774v1

**EXHIBIT "A" FOLLOWS**

17324774v1

Ronald and Tonya Agenor
Case # 14-51529-WLH
Interim Distribution Calculation

| | | |
|---|---:|---:|
| Cash in Bank 11/3/2021 | | $56,512.93 |
| Reserve | | $3,934.43 |
| Funds Available for Interim Distribution | | $52,578.50 |

| Administrative Claims | Claim | Proposed Payment | |
|---|---:|---:|---|
| Trustee - Commission & Exp | $6,057.64 | $6,057.64 | |
| Hays Financial Consulting - Fees & Exp | $9,552.89 | $9,552.89 | |
| Lamberth Cifelli Ellis & Nason - Fees & Exp | $18,278.31 | $18,278.31 | |
| Arnall Golden Gregory - Fees & Exp | $10,744.36 | $10,744.36 | |
| | $44,633.20 | $44,633.20 | |

| Priority Claims: | | Claim | Proposed Payment | Rate |
|---|---|---:|---:|---:|
| 6-2 | Department Of The Treasury (IRS) | $5,478.77 | $5,478.77 | 100% |

| Unsecured Claims: | | Claim | Proposed Payment | Rate |
|---|---|---:|---:|---:|
| 1 | CACH, LLC | $11,788.47 | $117.89 | 1.0% |
| 2 | American InfoSource LP | $1,318.56 | $13.19 | 1.0% |
| 3 | Atlas Acquisitions LLC | $10,935.76 | $109.36 | 1.0% |
| 4 | Atlas Acquisitions LLC | $3,862.62 | $38.63 | 1.0% |
| 5 | Atlas Acquisitions LLC | $11,288.94 | $112.89 | 1.0% |
| 6-2U | Department Of The Treasury (IRS) | $4,629.58 | $46.29 | 1.0% |
| 7 | Ford Motor Credit Company LLC | $17,445.17 | $174.45 | 1.0% |
| 8 | George Klein | $14,250.50 | $142.51 | 1.0% |
| 9 | Jason Feldman | $17,340.00 | $173.40 | 1.0% |
| 10 | Harold Toussaint | $150,000.00 | $1,500.01 | 1.0% |
| 11U | (CA) Franchise Tax Board | $3,791.63 | $37.91 | 1.0% |
| | | $246,651.23 | $2,466.53 | 1.0% |

| Fines, Penalties Claims §726(a)(4): | | | | |
|---|---|---:|---:|---|
| 6-2Ua | Department Of The Treasury (IRS) | $3,374.61 | $0.00 | |
| 11Ua | (CA) Franchise Tax Board | $1,130.55 | $0.00 | |
| | | $4,505.16 | $0.00 | |

| | |
|---|---:|
| Total Proposed Distributions | $52,578.50 |

# CERTIFICATE OF SERVICE

This is to certify that on November 9, 2021, the undersigned caused to be served a true and correct copy of the forgoing *Motion for Authority to Make Interim Distribution* by depositing copies of same into the United States mail on the date set forth above, with adequate postage affixed thereto to assure delivery by regular first class mail to the following entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305-2153

Ronald Jean Martin Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

Tonya Williams Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

This 9th day of November, 2021.

By:*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

17324774v1