UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    :          CHAPTER 7
                                          :
RONALD JEAN MARTIN AGENOR and :                      CASE NO. 14-51529 - WLH
TONYA WILLIAMS AGENOR,                    :
                                          :
          Debtors.                        :
                                          :

**FIRST INTERIM APPLICATION OF ARNALL GOLDEN GREGORY LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS
COUNSEL FOR TRUSTEE**

COMES NOW Arnall Golden Gregory LLP ("**AGG**" or "**Applicant**"), attorneys for S.

Gregory Hays, Chapter 7 trustee in this Chapter 7 case, and, pursuant to 11 U.S.C. §§ 330 and

331 and Bankruptcy Rule 2016, applies for allowance of compensation in the amount of

$10,707.50[1]  and for reimbursement of expenses in the amount of $36.86 for the period from

April 6, 2015 through and including January 4, 2021.  In support thereof, the Applicant shows as

follows:

---

[1]      In the exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J. Bargar from $495.00 per hour to $445.00 per hour, his 2020 billing rate from $535.00 to $482.50, and his 2021 rate from $565.00 to $492.50, and it has voluntarily reduced the 2020 billing rate of Meghan J. Wells to $270.00 per hour.

In addition, under Eleventh Circuit precedent, AGG is entitled to its current hourly rates in this matter, given that the case has been pending for many years.  *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation ***and generally award compensation at current rates rather than at historic rates***.") (emphasis added).   AGG is not seeking these increased hourly rates in this matter, creating significant value for the Bankruptcy Estate in addition to the already reduced fees that it is requesting.

17319713v1

**Introduction**

Although Debtors filed this case as a no-asset case, Trustee has made a recovery through a novel argument regarding the exemption that Mr. Agenor had claimed in a certain ATP Plan (defined below) and an objection to that claimed exemption.  As a result of these efforts, Trustee will recover $94,500.00 for the benefit of the Bankruptcy Estate.  To date, Trustee has received approximately $58,000.00 and is preparing to make an interim distribution to unsecured creditors in this case. Trustee and his professionals have achieved very good results in this matter.

**Background**

1.      On January 23, 2014, (the "**Petition Date**"), Ronald Jean Martin Agenor ("**Mr. Agenor**") and Tonya Williams Agenor ("**Mrs. Agenor**" and collectively with Mr. Agenor, "**Debtors**") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**"), initiating Bankruptcy Case No. 14-51529-WLH (the "**Bankruptcy Case**" or "**Case**").

2.      S. Gregory Hays ("**Trustee**") is the duly authorized and acting Chapter 7 Trustee for the bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Debtors.

3.      On April 13, 2015, Trustee filed an application to substitute AGG as his attorneys in this matter [Doc. No. 52], and, on April 15, 2015, the Court entered its Order [Doc. No. 53] approving the employment of AGG as counsel for Trustee.[2]

---

[2]      At the outset of the case, Trustee had employed Lamberth Cifelli Stokes Ellis & Nason, P.A. as his attorneys in this Case.  When Michael J. Bargar left that firm to join AGG, Trustee decided in his business judgment to substitute AGG as his attorneys in this matter.  At the inception of this Case, it was Trustee's business judgment that he needed to employ counsel in this matter.   The issue in this regard is whether a trustee "acts with requisite care, disinterestedness, and good faith in the effort to maximize value—rather than whether this or any other court [or any other interested party] would necessarily make the same business decision, on

2

17319713v1

4.      This is the first interim application that AGG has filed in this Case, since being employed by Trustee approximately five-and-a-half years ago.

5.      The blended hourly rate of AGG for this application is approximately $326.00 per hour ($10,707.50 in fees and 32.80 hours of work).

### Narrative Summary of Services Performed

6.      Debtors filed this Bankruptcy Case as a no-asset case.  [Doc. No. 1 at Page 1].

7.      Nevertheless, through the efforts of Trustee and his professionals, Trustee is currently holding approximately $56,000.00 in the Bankruptcy Estate's bank account (through the settlement described below, Trustee will receive another approximately $35,000.00 for the benefit of the Bankruptcy Estate). As set forth below, Trustee recovered these funds through an objection to an exemption claimed by Mr. Agenor.

8.      In this regard, prior to the Petition Date, Mr. Agenor played professional tennis on the tour of the Association of Tennis Professionals (the "**ATP**"), but, importantly for Trustee, Mr. Agenor was not an employee of the ATP (this classification was, in part, what allowed Trustee to test the propriety of Mr. Agenor's claimed exemption in the ATP Plan).

9.      On his *Schedule C – Property Claimed as Exempt* [Doc. No. 1 at page 15 of 81), Mr. Agenor scheduled an exemption of his entire interest in an ATP Retirement Plan (the "**ATP Plan**") under O.C.G.A. § 44-13-100(a)(2.1)(C) (the "**Exemption**").

10.      After a detailed investigation by Trustee and his professionals, Trustee discovered that the ATP Plan is a split-dollar life insurance arrangement, whereby the ATP Tour, Inc. makes loans to former and/or current ATP tennis players to pay premiums for life insurance benefits represented by various life insurance policies.  As a result of playing on the ATP tour and

---

the one hand, or seek to maximize value in a different way, on the other."      *In re Global Crossing, Ltd.*, 295 B.R. 726, 744 at FN 58, (Bankr. S.D.N.Y. 2003).

through this program, Mr. Agenor is entitled to receive annual payments from his interest in the

ATP Plan for 20 years (the "**Annual Payments**").

11.     After the Debtors' Section 341 meeting, a review of available documents, and

detailed legal research by Trustee's professionals, Trustee determined that the claimed

Exemption may have been inappropriate under applicable Georgia and federal laws, including

the Bankruptcy Code and Tax Code.

12.     As a result, on July 30, 2014, Trustee filed an objection [Doc. No. 33], requesting,

among other things, that the Court enter an order denying the Exemption.

13.     Debtors contested Trustee's arguments regarding the propriety of the Exemption,

and, following negotiations, Trustee and Debtors entered into a settlement agreement (the

"**Settlement Agreement**") regarding these issues, subject to Bankruptcy Court approval.

14.     On March 18, 2015, Trustee filed a settlement motion [Doc. No. 49] (the

"**Settlement Motion**") in this regard, and, following a supplement [Doc. No. 55] filed on April

20, 2015, the Court entered an order [Doc. No. 59] approving the Settlement Motion and

Settlement Agreement.  As a result of the Settlement Agreement, the Bankruptcy Estate will

receive $94,500.00 from the Annual Payments.  To date, Trustee has received approximately

$58,000.00 and is preparing to make an interim distribution to Debtors' unsecured creditors.

15.     As set forth in greater detail in the attached Exhibit "A," AGG has provided legal

services to Trustee in ushering the Case to its current posture over the prior six years.

16.     Because of the additional time required to close the Bankruptcy Case and receive

the outstanding settlement funds, contemporaneously with the filing of this Application, Trustee

has filed a *Motion for Authority to Make Interim Distribution*, which proposes to pay 100% of

the timely filed, priority claims and approximately 1.00% of the timely filed, allowed, general

17319713v1

unsecured claims against the Bankruptcy Estate.  All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the final administration of the Bankruptcy Case.

17.     AGG has provided significant and meaningful legal services in identifying, recovering, and protecting the property interests of the Bankruptcy Estate.[3]

## Particulars of Application and Johnson Factors

18.     This application for allowance of compensation and reimbursement of expenses is the first application that AGG has filed in this Bankruptcy Case.

19.     Pursuant to the provisions of 11 U.S.C. § 331, AGG files this application in which it seeks interim compensation for services rendered as counsel for Trustee, together with reimbursement of expenses incurred in connection therewith, for the period from April 6, 2015 through and including January 4, 2021.

20.     For the period covered by this application, AGG's attorneys and legal assistants

---

[3]     Importantly, to render legal services in this Court, requires a bar license.  *In re Loveless Babies, Jr.*, 315 B.R. 785 (Bankr. N.D. Ga. 2004) (Bonapfel, J.) (stating "persons practicing bankruptcy law in Georgia are subject to its rules of professional responsibility, . . . and persons providing legal services with regard to bankruptcy matters without a license are engaged in the unauthorized practice of law. . . . Georgia's exercise of authority in this regard is consistent with the general principle that the states may regulate and license the practice of law *even if the legal services involve matters of federal law*.") (emphasis added) (internal citations omitted); *see also* BLR 9010-1 and 9010-2 (providing that only lawyers may be admitted to practice in this Court, whether being admitted as a member of the bar of the District Court or *pro hac vice*); DLR 83.1 (requiring that a person be a member of the Georgia bar to be admitted to the District Court bar). Moreover, because Trustee, in his personal capacity is not a lawyer, all legal work must be performed by a lawyer.  *See In re Abraham*, 163 B.R. 772, 783 (Bankr. W.D. Tex. 1994) (stating "*trustees are not attorneys* (not even when it is an attorney functioning as the trustee).") (emphasis added); *see also J. Rissell, Allentown, PA Trust v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) (finding that a trust is an artificial entity that can only act "through agents, cannot appear *pro se*, and must be represented by counsel."); *Hays v. Hamblen Family Revocable Trust (In re Hamblen)*, 360 B.R. 362, 368 (Bankr. N.D. Ga. 2006) (Bihary, J.) (holding that in a federal court, like the bankruptcy court, trusts are an artificial entity that cannot appear *pro se*), *accord Shuman v. Citibank, N.A.*, 2013 U.S. Dist. LEXIS 19276, 2013 WL 12098818, at * 6, (N.D. Ga. January 29, 2013).

17319713v1

have devoted a total of not fewer than 32.8 hours in rendering services in this Bankruptcy Case. A summary of hours spent by each attorney or legal assistant is attached as Exhibit "A."

21.     With respect to the services, which have been provided by AGG in this Bankruptcy Case, AGG shows that all services provided as counsel for Trustee were necessary to assist Trustee in the proper and effective administration of the estate of Debtor and the protection of the rights and positions of creditors and the estate.  AGG shows that the fair and reasonable value of these services, and the cost of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $10,707.50,[4] based primarily on the normal hourly rates (as reduced) of the attorneys and legal assistants providing such services, as set forth on Exhibit "A."

22.     AGG is a law firm with major practice areas in Chapter 7 and Chapter 11 cases.

23.     AGG has developed and demonstrated, in previous cases as well as in this one, a high level of legal skills, experience, and expertise in the effective and economic representation of fiduciaries in large and complex Chapter 7 cases.  The bankruptcy lawyers in the firm are well-versed in both the substantive and procedural issues which arise in such cases and,

---

[4]     As discussed above, in the exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J. Bargar from $495.00 per hour to $445.00 per hour, his 2020 billing rate from $535.00 to $482.50, and his 2021 rate from $565.00 to $492.50, and it has voluntarily reduced the 2019, 2020, and 2021 billing rate of Meghan J. Wells to $270.00 per hour.

In addition, under Eleventh Circuit precedent, AGG is entitled to its current hourly rates in this matter, given that the case has been pending for many years.  *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation ***and generally award compensation at current rates rather than at historic rates***.") (emphasis added).   AGG is not seeking these increased hourly rates in this matter, creating significant value for the Bankruptcy Estate in addition to the already reduced fees that it is requesting.

17319713v1

consequently, are able to provide prompt, efficient, and effective legal services as required. Because of their experience in large cases, attorneys with the firm are able to mobilize and coordinate the resources of the firm, the client, other professionals, and outside services so that the logistical and clerical requirements of cases such as this one can be timely, effectively, and efficiently met.

24.     AGG submits that its requested hourly rates are equal to or less than the rates of lawyers of reasonably comparable skills, experience and reputation in cases of similar complexity and size in the geographic area in which it practices.

25.     AGG shows that all services for which compensation is requested have actually been provided to Trustee, and to no other parties, and have been necessary for the proper and effective administration of this Bankruptcy Case and for the benefit of the Bankruptcy Estate and its creditors.

26.     AGG submits that it is entitled to allowance of compensation in the amount of not less than $10,707.50 based on a "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as summarized on Exhibit "A."  AGG shows that consideration of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), and adopted by the Eleventh Circuit in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990), for evaluation of applications for compensation, supports such compensation as shown below.  The following summarizes the application of the *Johnson* factors to this Bankruptcy Case:

(a)  *Time and labor required*:  AGG has expended a total of 32.8 attorney and legal assistant hours from April 6, 2015 through January 4, 2021.  The legal issues presented by

17319713v1

this Bankruptcy Case have required a substantial amount of time and attention.

(b)    *Novelty and difficulty of the legal questions*: This Bankruptcy Case has involved numerous issues which are discussed, in part, in Exhibit "A," the narrative description of services provided.   These legal issues presented somewhat novel issues that required a substantial amount of time and effort to resolve.   Included in these legal issues were issues related to the propriety of the claimed Exemption and issues related to the filed proof of claim of the Debtors' former landlord, under Section 507(a)(7) of the Bankruptcy Code.

(c)    *Skill required to perform the legal services properly*:   Trustee chose AGG because AGG has the requisite skill and experience to perform the necessary legal services properly and to supervise all legal matters, including the numerous non-bankruptcy issues, which have developed in this Bankruptcy Case.   AGG submits that this Bankruptcy Case has required extensive skill and experience.

(d)    *Preclusion of other employment due to acceptance of this case*: Time and attention were necessarily and properly devoted to this Bankruptcy Case.   The extent and nature of the time and attention limited the capacity of the attorneys involved in this Bankruptcy Case to handle other matters.

(e)    *Customary fee for similar work in the community*:   AGG is regularly compensated in Chapter 7 bankruptcy cases in which it represents trustees or responsible persons on the same basis as requested herein.

(f)    *Whether fee is fixed or contingent*:  This is not a contingency case except that there would be no estate without the actions undertaken by AGG and the other professionals of Trustee, so payment has been dependent on AGG successfully making a recovery from the ATP Plan and AGG was at *significant risk* of non-payment until Trustee was able to do, as discussed

8

above. AGG charges a reasonable fee, taking into account the time and value of services rendered, the results achieved, the novelty and complexity of the issues presented, the time demands imposed by the client and circumstances, and other relevant factors. Time was charged at hourly rates for attorney time. Other relevant factors taken into account in setting a reasonable fee include the amounts involved and the results achieved in the representation, the novelty and complexity of the issues presented, and any time constraints imposed by the client or the circumstances. AGG also charges for expenses incurred in connection with the provision of legal services as set forth in the attached expense description included in Exhibit "A." The compensation AGG is seeking to be paid in this Bankruptcy Case, subject to Court approval under 11 U.S.C. §§ 330 and 331, is based on hourly rates.

(g) *Time limitations imposed by the client or circumstances*: AGG submits that its attorneys have been required to work under a number of time limitations imposed by the circumstances. Specifically, time constraints were imposed due to various deadlines that have required immediate attention of AGG attorneys. AGG has been required to meet time limitations imposed by the Bankruptcy Code, the Court, or parties-in-interest for filing of various motions or applications in order to complete matters timely.

(h) *Amount involved and results obtained*: AGG has been successful as bankruptcy counsel in shepherding this Bankruptcy Case through the bankruptcy process thus far and bringing into the estate over $58,000.00, notwithstanding the fact that Debtors originally filed this Bankruptcy Case as a no-asset case.

(i) *Experience, reputation, and ability of attorneys*: AGG's attorneys have significant experience and ability in handling bankruptcy cases of the size and complexity of this Bankruptcy Case and AGG has developed a reputation for such ability and experience.

17319713v1

(j)  *Undesirability of the case*: At the outset of this Bankruptcy Case (and even after Trustee's substation of AGG as his attorneys), there were no funds in the Bankruptcy Estate from which to compensate AGG and Trustee's other professionals, so they were all at serious risk of non-payment absent the recoveries AGG has assisted Trustee to make.  In this regard, like almost every Chapter 7 trustee representation, the matter was undesirable.

(k)  *Nature and length of the professional relationship with the client*: This is not a factor in this Bankruptcy Case.

(l)  *Awards in similar cases*:  AGG is regularly awarded compensation in bankruptcy cases on the same basis as requested herein.

(m)  *Other factors*:  No other factors exist in this Bankruptcy Case.

27.  Any compensation awarded by the Court will not be shared except among AGG's partners and lawyers regularly practicing with AGG. In addition, AGG has received no compensation from any source in connection with this Bankruptcy Case.

28.  AGG shows further that it has incurred $36.86 in out-of-pocket expenses.  The expenses incurred in this Bankruptcy Case were actual, necessary expenses which are reasonable given the size of this Bankruptcy Case and the unavoidable costs of administration and coordination of service of notices and other documents.  Detailed descriptions of expenses incurred during the period covered by this application are included in Exhibit "A."

29.  Trustee has reviewed this application and has approved the requested amount.

30.  AGG requests that this application and attached exhibits be admitted into evidence at any hearing on this application.

31.  Based on the foregoing, AGG seeks allowance of $10,707.50 as interim compensation and $36.86 in reimbursement of expenses, in this case for a total of $10,744.36 for

17319713v1

the period covered by this application.

WHEREFORE, AGG respectfully prays:

(a)  That AGG be allowed interim compensation in the amount of $10,707.50 as and for the reasonable value for services rendered in connection with its retention as counsel for Trustee for the period covered by this application;

(b)  That AGG be allowed the sum of $36.86 for the reimbursement of out-of-pocket expenses incurred in this Bankruptcy Case for the period covered by this application;

(c)  That the Court grant the compensation and reimbursement of expenses sought herein and authorize Trustee to pay the same as interim fees and reimbursement of expenses; and

(d)  That the Court grant such other and further relief as may be just and proper.

Respectfully submitted this 9th day of November, 2021.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
(404) 873-7030
(404) 873-7031 (facsimile)

17319713v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RONALD JEAN MARTIN AGENOR and | : | CASE NO. 14-51529 - WLH |
| TONYA WILLIAMS AGENOR, | : | |
| | : | |
| Debtors. | : | |
| | : | |

**UNSWORN DECLARATION OF MICHAEL J. BARGAR**

1.      My name is Michael J. Bargar.  I am a partner at Arnall Golden Gregory LLP ("**AGG**").

2.      I am making this unsworn declaration as part of the submission of AGG's first interim fee application in this bankruptcy case (the "**Fee Application**").

3.      I have reviewed each time entry in the Fee Application.  Each time entry is mathematically accurate, and the total amount requested is accurate and correct.

I, Michael J. Bargar, certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 9th day of November, 2021.

*/s/ Michael J. Bargar*
Michael J. Bargar

17319713v1

**EXHIBIT "A" FOLLOWS**

17319713v1



**Greg Hays, Trustee in Bankruptcy**                                      **October 29, 2021**
**Hays Financial Consulting, LLC**                                        **Invoice #845664**
**2964 Peachtree Road, NW**                                              **Neil C. Gordon**
**Suite 555**
**Atlanta, GA 30305**

---

**For Legal Services Rendered In Connection With:**

**Client/Matter #22151-30**
**Agenor, Ronald Jean Martin and Agenor, Tonya Williams**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 04/06/15 | M. Bargar | 0.60 | 275.00 | 165.00 | Draft application to substitute as counsel (.5); draft correspondence to Trustee regarding same (.1) |
| 04/08/15 | M. Bargar | 0.50 | 275.00 | 137.50 | Telephone call to Jeneane Treace, counsel for UST, regarding pending settlement motion with debtors (.1); telephone call from Trustee regarding same including legal issues related to pending settlement motion (.4) |
| 04/09/15 | M. Bargar | 0.40 | 275.00 | 110.00 | Telephone call from Jonathan Barash, counsel for creditor, regarding settlement motion and related legal issues (.3); draft note to file regarding same (.1) |
| 04/10/15 | M. Bargar | 0.30 | 275.00 | 82.50 | Telephone call from Trustee regarding legal issues related to proposed settlement with debtors (.2); telephone call to Jeneane Treace, counsel for UST, regarding same (.1) |
| 04/13/15 | M. Bargar | 0.20 | 275.00 | 55.00 | Draft proposed order regarding AGG substitution |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-30**

October 29, 2021
Invoice #845664
Neil C. Gordon
Page 2

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 04/15/15 | M. Bargar | 2.80 | 275.00 | 770.00 | Telephone call to Trustee regarding legal issues that may arise at settlement motion (.3); draft detailed correspondence to Jeneane Treace, counsel for UST, regarding proposed settlement with debtors and related matters (.7); telephone call to Trustee regarding same (.1); draft correspondence to Ronald Agenor regarding status of settlement motion and related matters (.1); telephone call to John Smith, counsel for ATP Tour, Inc., regarding settlement motion and related matters (.1); legal research and gather facts regarding same (.4); draft correspondence to John Smith, counsel for ATP Tour, Inc., regarding same (.3); draft note to file regarding same (.2); telephone call to Trustee regarding same (.1); evaluate form of proposed settlement agreement and consider potential revocable assignment suggested by ATP Tour, Inc. (.3); telephone call to Trustee regarding same (.2) |
| 04/16/15 | M. Bargar | 0.80 | 275.00 | 220.00 | Telephone call to Ronald Agenor regarding hearing on settlement motion and related matters (.2); telephone call from Ronald Agenor regarding same (.2); telephone call to Trustee regarding same (.2); telephone call from Trustee regarding same (.1); telephone call to Ronald Agenor regarding same (.1) |
| 04/17/15 | M. Bargar | 0.40 | 275.00 | 110.00 | Telephone call to John Smith, counsel for ATP Tour, Inc., regarding settlement with debtors and related legal matters (.1); draft correspondence to Trustee regarding same (.2); draft correspondence to Trustee regarding same (.1) |
| 04/20/15 | M. Bargar | 0.70 | 275.00 | 192.50 | Telephone call to Judge Hagenau's chambers regarding settlement motion with debtors and the related hearing (.1); telephone call to Tonya Agenor, debtor, regarding same (.2); telephone call from Tonya Agenor, debtor, regarding same (.2); telephone call with Tonya Agenor to Judge Hagenau's chambers regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-30**

October 29, 2021
Invoice #845664
Neil C. Gordon
Page 3

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 04/20/15 | M. Bargar | 1.60 | 275.00 | 440.00 | Draft supplement to settlement motion following requested information from UST (.6); telephone call from Trustee regarding same (.1); draft correspondence to Trustee regarding same (.2); prepare and file same (.3); coordinate with support staff service of supplement to settlement motion (.1); draft email correspondence to Jeneane Treace, UST attorney, regarding same (.1); draft correspondence to John Smith, counsel for ATP Tour, Inc. regarding same (.1); draft correspondence to debtors regarding same (.1) |
| 04/21/15 | M. Bargar | 0.30 | 275.00 | 82.50 | Telephone call to Trustee regarding letter filed by debtors and legal issues related to hearing on settlement motion |
| 04/22/15 | M. Bargar | 1.40 | 275.00 | 385.00 | Prepare for hearing on settlement motion |
| 04/22/15 | N. Gordon | 0.40 | 495.00 | 198.00 | Memos from and to M.Bargar re settlement and objection to exemptions |
| 04/23/15 | M. Bargar | 3.00 | 275.00 | 825.00 | Draft outline for hearing on settlement motion (.9); continue to prepare for same (.2); to court for hearing on settlement motion and attend same (1.5); telephone call to Trustee regarding results of same and legal issues related to payment of settlement funds (.1); telephone call from Trustee regarding same (.3) |
| 04/23/15 | M. Bargar | 0.70 | 275.00 | 192.50 | Telephone call to Anne Meagher, counsel for M Benefit Solutions, third party responsible for distributing funds from ATP Plan, regarding settlement order and legal issues related to payment of settlement funds directly to Trustee (.3); draft correspondence to Anne Meagher regarding same (.2); draft correspondence to Trustee regarding same (.2) |
| 04/24/15 | M. Bargar | 0.80 | 275.00 | 220.00 | Draft proposed order regarding settlement with Debtors (.6); draft correspondence to Trustee regarding same (.1); prepare and upload same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-30**

October 29, 2021
Invoice #845664
Neil C. Gordon
Page 4

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 04/27/15 | M. Bargar | 0.20 | 275.00 | 55.00 | Evaluate and analyze draft revocable assignment and consider legal issues related to payments of settlement funds directly to Trustee |
| 05/01/15 | M. Bargar | 1.00 | 275.00 | 275.00 | Edit revocable assignment regarding payments directly from ATP Tour Plan to Trustee (.5); draft correspondence to Trustee regarding same (.2); draft correspondence to Anne Meagher, counsel for third party that manages payments from ATP Plan, regarding order approving settlement agreement and form of revocable assignment (.3) |
| 05/06/15 | M. Bargar | 0.40 | 275.00 | 110.00 | Draft correspondence to Anne Meagher, counsel for payor of ATP Funds, regarding revocable assignment and related legal issues (.2); draft correspondence to Anne Meagher, counsel for payor of ATP Funds, regarding same (.2) |
| 05/07/15 | M. Bargar | 0.30 | 275.00 | 82.50 | Edit revocable assignment following requested edits by Pacific Life (.2); telephone call to Ronald Agenor, debtor, regarding same as relates to approved settlement agreement (.1) |
| 05/14/15 | M. Bargar | 0.20 | 275.00 | 55.00 | Draft correspondence to Ronald and Tonya Agenor regarding revocable assignment of payments from ATP Plan as relates to settlement agreement with Trustee (.2) |
| 05/15/15 | M. Bargar | 0.10 | 275.00 | 27.50 | Draft correspondence to Trustee regarding legal issues related to perfecting payment of funds to estate relating to settlement between Trustee and debtors (.1) |
| 05/19/15 | M. Bargar | 0.30 | 275.00 | 82.50 | Gather facts regarding revocable assignment in preparation for telephone call to Ronald and Tonya Agenor (.2); telephone call to Ronald Agenor regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-30**

October 29, 2021
**Invoice #845664**
**Neil C. Gordon**
**Page 5**

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 05/26/15 | M. Bargar | 0.20 | 275.00 | 55.00 | Telephone call from Ronald Agenor regarding status of signed revocable assignment and other matters related to settlement between Trustee and Debtors (.2) |
| 05/27/15 | M. Bargar | 0.50 | 275.00 | 137.50 | Evaluate and analyze revocable assignment signed by Debtors and consider legal impact of formatting errors created when Debtors printed same (.1); draft correspondence to Trustee regarding same (.3); telephone call to Ronald Agenor to confirm receipt of revocable assignment and procedures going forward (.1) |
| 06/02/15 | M. Bargar | 1.20 | 275.00 | 330.00 | Draft withdrawal of objection to exemptions (.4); draft correspondence to Trustee regarding same and status of revocable assignment to be delivered to insurance company as part of settlement agreement with debtors (.4); prepare, file, and serve withdrawal (.3); draft supplement certificate of service regarding same (.1) |
| 06/04/15 | M. Bargar | 0.50 | 275.00 | 137.50 | Attend hearing on objection to exemptions to announce withdrawal just in case debtors appeared |
| 06/05/15 | M. Bargar | 0.50 | 275.00 | 137.50 | Draft correspondence to Anne Meagher, counsel for entity that manages payments for ATP Plan, regarding revocable assignment and other issues related to settlement payments (.4); coordinate with support staff regarding submission of fully executed revocable assignment to insurance company that controls ATP plan payments (.1) |
| 08/10/15 | M. Bargar | 0.10 | 275.00 | 27.50 | Telephone call to Anne Meagher, counsel for M Benefits Solutions third party payor, regarding legal issues related to payment of settlement funds to Trustee |

**Greg Hays, Trustee in Bankruptcy**

**October 29, 2021**
**Invoice #845664**
**Neil C. Gordon**

**Client/Matter #22151-30**

**Page 6**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 12/04/15 | M. Bargar | 0.30 | 275.00 | 82.50 | Evaluate and analyze correspondence from Trustee regarding 2015 payment of funds from ATP account and consider legal issues related to same (.1); draft correspondence to Trustee regarding same (.2) |
| 11/04/16 | M. Bargar | 0.70 | 365.00 | 255.50 | Telephone call from Jim Jennings of Hays Financial Consulting, LLC, accountants for Trustee, regarding legal and tax issues arising from the settlement related to payments from the ATP |
| 04/10/17 | M. Bargar | 0.30 | 395.00 | 118.50 | Telephone call from Jim Jennings of Hays Financial Consulting, LLC related to tax and legal issues arising from settlement with debtors |
| 07/27/17 | M. Bargar | 1.40 | 395.00 | 553.00 | Telephone call to Anne Meagher, representative of M Benefits Solution, related to settlement payments received by Trustee arising from Debtor's ATP plan (.3); telephone call to Linda Dixon, Anne Meagher's replacement, regarding same (.2); draft detailed correspondence to Linda Dixon regarding same (.4); draft memo to file regarding same (.2); draft correspondence to Jim Jennings, estate accountant, regarding same (.1); gather facts and consider legal issues related to potential interim distribution following next plan payment (.2) |
| 07/31/17 | M. Bargar | 0.40 | 395.00 | 158.00 | Evaluate and analyze correspondence from Karen Dixon, representative of M Benefit Solutions (manager of payments from ATP Plan), regarding tax consequences of 2015 and 2016 payments and related legal issues (.2); draft correspondence to Jim Jennings, estate accountant, regarding same (.1), draft correspondence to Karen Dixon regarding same (.1) |
| 08/01/17 | M. Bargar | 0.30 | 395.00 | 118.50 | Telephone call to Jim Jennings, estate accountant, regarding tax consequences of settlement payments and related legal issues |

**Greg Hays, Trustee in Bankruptcy**

**October 29, 2021**
**Invoice #845664**
**Neil C. Gordon**

Client/Matter #22151-30

**Page 7**

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>RATE</u> | <u>AMOUNT</u> | <u>DESCRIPTION</u> |
|---|---|---|---|---|---|
| 12/19/17 | M. Bargar | 0.20 | 395.00 | 79.00 | Draft correspondence to Trustee regarding legal issues related to interim distribution |
| 06/01/18 | M. Bargar | 0.30 | 430.00 | 129.00 | Evaluate and analyze correspondence from Trustee regarding status of case and updated to UST regarding same (.2); draft correspondence to Trustee regarding same (.1) |
| 10/04/18 | M. Bargar | 1.20 | 430.00 | 516.00 | Gather facts and consider legal issues related to potential sale of cash flow from settlement related to Debtor's split dollar life insurance policy and alleged retirement account (.3); draft correspondence to Brad Naso, prospective buyer, regarding same (.2); gather facts and consider legal issues related to forthcoming payment and ensuring delivery of same to Trustee in accordance with settlement agreement (.3); draft correspondence to Linda Dixon at MBEN, manager of payments from ATP, regarding same (.3); draft correspondence to Trustee regarding same (.1) |
| 10/04/18 | M. Bargar | 0.60 | 430.00 | 258.00 | Telephone call from Brad Nasso regarding purchase of cash flow resulting from settlement agreement arising from Debtor's alleged retirement account (.2); gather facts and consider legal issues related to payment coming in late 2018 regarding same (.2); draft correspondence to Linda Dixon at MBEN to confirm delivery of same (.2) |
| 10/05/18 | M. Bargar | 0.30 | 430.00 | 129.00 | Draft correspondence to Trustee regarding legal issues related to sale of cash flow from settlement related to debtor's whole life insurance policy (.2); draft correspondence to Trustee regarding legal issues related to interim distribution (.1) |
| 12/05/18 | M. Bargar | 0.10 | 430.00 | 43.00 | Draft correspondence to Trustee regarding his receipt of wire in accordance with settlement with debtors and related legal issues |

**Greg Hays, Trustee in Bankruptcy**

Client/Matter #22151-30

October 29, 2021
Invoice #845664
Neil C. Gordon
Page 8

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 12/03/19 | M. Bargar | 0.10 | 445.00 | 44.50 | Draft correspondence to Trustee regarding incoming wire and interim distribution |
| 06/03/20 | M. Bargar | 1.50 | 482.50 | 723.75 | Telephone call from Trustee regarding objection to claims and related legal issues (.2); evaluate and analyze correspondence from Trustee and review of claims related to same (.3); draft memo to Meghan Wells regarding same (.2); edit objection to claim of landlord (.3); edit objection to claim of IRS (.3); draft correspondence to Trustee regarding same (.1); draft correspondence to Trustee regarding same, including issues with landlord claim (.1) |
| 06/03/20 | M. Wells | 1.90 | 270.00 | 513.00 | Draft objection to claim 6-1 (IRS) (1.2); draft objection to claim 9-1 (Feldman) (.7) |
| 06/04/20 | M. Bargar | 0.50 | 482.50 | 241.25 | Continue to edit objection to IRS claim prior to filing (.2); continue to edit objection to landlord's claim prior to filing (.2); draft memo to support staff regarding same (.1) |
| 07/01/20 | M. Bargar | 0.30 | 482.50 | 144.75 | Telephone call to Trustee regarding amendment to claim filed by IRS post objection and issues related to withdrawal of pending objection (.2); edit withdrawal of objection (.1) |
| 07/01/20 | M. Wells | 0.30 | 270.00 | 81.00 | Draft withdrawal of objection to IRS claim |
| 07/23/20 | M. Bargar | 0.20 | 482.50 | 96.50 | Prepare for hearing on objection to claim (.1); attend hearing on objection to claim (.1) |
| 07/27/20 | M. Bargar | 0.30 | 482.50 | 144.75 | Draft order on objection to claim of Feldman (.2); draft memo to support staff regarding same (.1) |
| 10/06/20 | M. Bargar | 0.20 | 482.50 | 96.50 | Draft correspondence to Trustee regarding status of settlement with Debtor and legal issues related to interim distribution |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-30**

October 29, 2021
Invoice #845664
Neil C. Gordon
Page 9

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|-----------|-------|------|--------|-------------|
| 10/21/20 | M. Bargar | 0.90 | 482.50 | 434.25 | Gather facts and consider legal issues related to payment of December 2020 payment and ensuring same is received in accordance with settlement agreement approved by Court (.3); draft correspondence to Linda Dixon at MBEN (payment manager for ATP) regarding same (.3); draft correspondence to Trustee regarding same (.1); draft correspondence to Linda Dixon regarding same (.1); draft correspondence to Trustee regarding same and response from Linda Dixon (.1) |
| 01/04/21 | M. Bargar | 0.10 | 492.50 | 49.25 | Draft correspondence to Trustee regarding legal issues related to interim distribution |

|  |  | **Total Hours** | **32.80** |
|--|--|--|--|

**Total For Services**     **$10,707.50**

**EXPENSES**

| | |
|---|---|
| VENDOR: Federal Express - FedEx INVOICE#: 505066638 DATE: 6/2/2015 Tracking #773694005533 From: Arnall Golden Gregory LLP, 171 17th Street NE, Atlanta, GA 30363  To: S. GREGORY HAYS, HAYS FINANCIAL CONSULTING, LLC, 3343 PEACHTREE RD NE, STE 200ATLANTA, GA 303261420 | 6.91 |
| VENDOR: Federal Express - FedEx INVOICE#: 506520929 DATE: 6/16/2015 Tracking #773769447705 From: Arnall Golden Gregory LLP, 171 17th Street NE, ATLANTA, GA 30363  To: Mr. Chris Beck, Pacific Life, 45 Enterprise, ALISO VIEJO, CA 92656 | 11.95 |
| Parking for hearing on 4/23/2015 | 12.00 |
| POSTAGE | 6.00 |

**Total Expenses**     **$36.86**

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-30**

**October 29, 2021**
**Invoice #845664**
**Neil C. Gordon**
**Page 10**

|  | **Fees** | **Disbursements** | **Total** |
|---|---|---|---|
| CURRENT CHARGES: | 10,707.50 | 36.86 | 10,744.36 |
| Total Balance Due: | 10,707.50 | 36.86 | 10,744.36 |
| **Total This Statement** | | | **$10,744.36** |

**Attorney and Paralegal Summary**

| **Name** | **Year** | **Rate** | **Hours** | **Total Amount** |
|---|---|---|---|---|
| Bargar, Michael J. | 2015 | 275.00 | 20.30 | 5,582.50 |
| Bargar, Michael J. | 2016 | 365.00 | 0.70 | 255.50 |
| Bargar, Michael J. | 2017 | 395.00 | 2.60 | 1,027.00 |
| Bargar, Michael J. | 2018 | 430.00 | 2.50 | 1,075.00 |
| Bargar, Michael J. | 2019 | 445.00 | 0.10 | 44.50 |
| Bargar, Michael J. | 2020 | 482.50 | 3.90 | 1,881.75 |
| Bargar, Michael J. | 2021 | 492.50 | 0.10 | 49.25 |
| Gordon, Neil C. | 2015 | 495.00 | 0.40 | 198.00 |
| Wells, Meghan J. | 2020 | 270.00 | 2.20 | 594.00 |
| | | **Total** | **32.80** | **$10,707.50** |

## EXHIBIT "B"

### ARNALL GOLDEN GREGORY LLP
**171 17th Street, N.W., Suite 2100**
**Atlanta, Georgia  30363-1031**
**(404) 873-8500**

## PARTNERS

**NEIL C. GORDON** — Admitted to Georgia Bar in 1979.  Education: University of Florida (B.S.B.A. cum laude, 1976); University of Georgia (J.D. 1979).  Law Clerk to Hon. Robert L. Vining, Jr., Judge, U.S. District Court, Northern District of Georgia, 1979-81; Publications: Co-Author, "*Law v. Siegel* Dicta Leads Lower Courts Astray," American Bankruptcy Institute Journal, Vol. XXXIV, No. 2 (February 2015); Co-Author, "When Can the Statute of Limitations for Avoidance Actions Be Extended?" American Bankruptcy Institute Journal, Vol. XXXII, No. 5 (June 2013); Co-Author, "*Schwab v. Reilly* Two Years Later: Appellate Opinions on Appreciation and 100 Percent of FMV," American Bankruptcy Institute Journal, Vol. XXXI, No. 9 (October 2012); Author, "Section 362(h) Does Not Deprive a Trustee of Standing to Void a Lien," American Bankruptcy Institute Journal, Vol. XXIX, No. 10 (December 2010/January 2011); Author, "An Overview of Mortgage and Finance Fraud for Trustees," in Mortgage and Finance Fraud Litigation Strategies (Thomson Reuters/Aspatore Books 2010); Author, "The Art of the Carve-Out," NABTalk, Vol. 25, No. 1 (Spring 2009); Co-Author, "New Tax Laws Affecting Home Sales Give Chapter 7 Trustees Long Overdue Relief" , Bankruptcy Court Decisions, Vol. 32, No. 20 (July 28, 1998); Co-Author, "Maximizing Returns for Estate Creditors by Minimizing Taxes: Exclusion of Gain from the Sale of the Debtor's Principal Residence", NABTalk, Vol. 16, No. 3 (Fall, 2000); Co-Author, "Recent Cases," NABTalk, Quarterly Publication of National Association of Bankruptcy Trustees (NABT 2003-present); Editorial Board, NABTalk (2003-present). Member: Atlanta Bar Association, Bankruptcy Law Section (Chair 1992-1993, Board Member 1988-1994); State Bar of Georgia; American Bankruptcy Institute (Legislation Committee Co-Chair); National Association of Bankruptcy Trustees (Board Director 2000-2014; Executive Committee 2006-2014; Secretary 2006-2007; Treasurer 2007-2008; Vice-President 2008-2011; President 2011-2012; Immediate Past President

17319713v1

2012-2013; Past President Director 2013-2014); Panel, United States Trustees; Fellow, American College of Bankruptcy; Master of the Bench, Georgia Bankruptcy American Inn of Court.

Seminar Presentations: "Case Law Update," NABT Spring Seminar, Rio Grande, Puerto Rico (March 3, 2017); "Case Law Update," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 4-8, 2017); "Exemptions," American Bankruptcy Institute Winter Leadership Conference, Rancho Palos Verdes, California (December 1-3, 2016); "Simply the Best: Case Law Update," NABT Annual Convention, San Diego, California (September 9, 2016); "Exemption Issues in Chapter 13," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 23, 2016); "Dismissal and Conversion Issues," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 22, 2016);  "Recent Cases: Case Law Update," NABT Spring Seminar, Atlanta, Georgia (April 8, 2016); "Avoidance and Recovery Actions Across the Chapters: Roles & Perspectives of Trustees," American Inns of Court Winter Program, Atlanta, Georgia (January 26, 2016); "Exemption Law – Immunity to Treat Creditors with Impunity or the Privilege of Fresh Start" and "Case Law Update: Commercial/Business," Law Education Institute (LEI) Conference, Vail, Colorado (January 6-10, 2016); "So You Thought You Understood Exemptions!" Cobb County Bar Association, Marietta, Georgia (October 10, 2015); "Does Law v. Siegal Really Stand for That?," National Conference of Bankruptcy Judges 89th Annual Meeting, Miami, Florida (September 27-30, 2015); "Exemptions" and "Case Law Update," NABT Annual Convention, Chicago, Illinois (August 27-29, 2015); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (August 21, 2015); "Case Law Update," NABT Spring Seminar, Charleston, South Carolina (February 27, 2015); "How to Approach Banks about Short Sales and Carve-Outs," American Bankruptcy Institute Conference, Tulane University, New Orleans, Louisiana (January 19, 2015); "Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 7-11, 2015); "Zip Lining through the Tough issues in Avoiding a Preference or Set-Off," Institute of Continuing Legal Education in Georgia, Greensboro, Georgia (October 23, 2014); "Current Consumer Trends & Practices," American College of Bankruptcy, National Conference of Bankruptcy Judges 88th Annual Meeting, Chicago, Illinois (October 8, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Workshop, Salt Lake City, Utah

(September 12, 2014); "Case Law Update," NABT Annual Convention, Salt Lake City, Utah (September 12, 2014); "Case Law Update," United States Trustee Region 3 Trustee Training (includes Delaware, New Jersey, and Pennsylvania Trustees), Harrisburg, Pennsylvania (June 6, 2014); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (May 9, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Southeast Seminar, Coral Gables, Florida (April 5, 2014); "Case Law Update," NABT Spring Seminar, Coral Gables, Florida (April 5, 2014); "Chapter 7 and 11 Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 5-9, 2014); "Real Estate Short Sales and Carve-Outs," American Bankruptcy Institute 25th Annual Winter Leadership Conference,  Rancho Palos Verdes, California (December 6, 2013); "Chapter 7 & Hot Topics," National Conference of Bankruptcy Judges   2013 Annual Conference, Atlanta, Georgia (November 1, 2013);  "Case Law Update" NABT 2013 Annual Meeting, White Sulphur Springs, West Virginia (August 8, 2013); "Plenary Session: Consumer Update 2013," American Bankruptcy Institute Southeast Seminar,  Amelia Island, Florida (July 18-21, 2013); "Mortgage Avoidance Issues in Bankruptcy (A Trustee's Perspective)," 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); "The Good, the Bad, and the Ugly – Case Law Update," NABT 2013 Spring Seminar, Scottsdale, Arizona (February 22-23, 2013); "Case Law Developments," "What Is the Trustee Up to Now?" "Mortgage Issues: Pervasive Issues and Abuses," and Fraudulent Conveyances," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 2-5, 2013); "Case Law Update I," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 8, 2012); Case Law Update II," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012) "Bankruptcy Issues for Auctioneers," National Auctioneers Association's 63rd International Auctioneers Conference, Spokane, Washington (July 18, 2012); "The Presidents' Panel: Current Issues in Consumer Bankruptcy," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 13, 2012); "Waiter! Check Please! Paying the Tab in Consumer Bankruptcy: The Real Costs of Accessing the System," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 12, 2012); "An Empirical Study of the Costs of BAPCPA," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 31, 2012); "Sold! Short Sales/724(b) Sales: The New Normal," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 30, 2012);  "Ethics and Professionalism Potpourri," 36th Annual Judge Alexander L. Paskay

Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 17, 2012); "Latest
Developments – Case Law Update," "Ethic Standards Re-Examined," and "Who Gets the
Money? Claims Objections Issues," Law Education Institute's 29th Annual national CLE
Conference, Snowmass, Colorado (January 4 – 8, 2012); "Hot Topics in Chapter 7," ABI/NCBJ
Roundtable, National Conference of Bankruptcy Judges, Tampa, Florida (October 12-15, 2011);
"Case Conversion Issues," NABT 2011 Annual Meeting, Amelia Island, Florida (September 21-
24, 2011); "Today's Chapter 7," Panel, Annual Southeast Bankruptcy Workshop, Kiawah Island,
South Carolina (July 27-30, 2011); "Select Claim Objection Issues," NABT Spring Seminar,
Santa Monica, California (March 26, 2011); "Looking Ahead: What's in Store for Consumer
Practitioners in 2011," 35th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and
Practice, Tampa, Florida (March 10-12, 2011); "Chapters 7 and 11 Case Law Update," State Bar
of Georgia Bankruptcy Law Section, Greensboro, Georgia (October 28, 2010); "Recovering
Unauthorized Post-Petition Transfers," NABT Convention, San Francisco, California (October 1,
2010);  "Chapter 7 Law Update," Middle District of Georgia Bankruptcy Institute, Macon,
Georgia (September 17, 2010); " Individual Business Bankruptcy Cases," Metro Atlanta
Consumer Bankruptcy Attorneys Group, Atlanta, Georgia (May 21, 2010), "Professionalism
Issues," Atlanta Bar Association, Bankruptcy Law Section Seminar, Atlanta, Georgia (May 6,
2010); "Recurring Issues among Consumer Lawyers and Trustees and How to Avoid Them,"
American Bankruptcy Institute, Washington, D.C. (May 1, 2010); "The  Nouveau Pauvre, or
Who Used to Be a Millionaire (Finding Assets in Those Mid and Large Size Cases in Which the
Debtor Used to Be "High-End" Debtor)," NABT Spring Seminar, Savannah, Georgia (April 9,
2010); "Trends and Threads in Business Cases: Case Law Update from the Front," National CLE
Conference, Vail, Colorado (January 6, 2010); "Prebankruptcy Asset Protection and Planning:
How Far Can the Line Be Pushed before the Trustee Reacts," National CLE Conference, Vail,
Colorado (January 7, 2010), and "Making Sense of the Tide in Consumer Case/Issue
Development: Caselaw Review of Recent Consumer Bankruptcy Decisions," National CLE
Conference, Vail, Colorado (January 8, 2010); "Hot Topics in Chapter 7," ICLE Bankruptcy
Seminar, Braselton, Georgia (November 12, 2009); "The Art of the Carve-Out," NABT Annual
Convention, Boston, Massachusetts (August 29, 2009); "Hot Consumer Topics in Chapter 7,"
American Bankruptcy Institute 14th Annual Southeast Bankruptcy Workshop, Hilton Head,
South Carolina (July 30, 2009 – August 1, 2009); "Negotiation/Out-of-Courtroom Skills and

17

Techniques," American Bankruptcy Institute's Skills Training Program,  Atlanta, Georgia (June 4, 2009); "Select Trustee Issues," 11th Circuit Fellows Luncheon, American College of Bankruptcy, Washington, D.C. (March 27, 2009); "Case Law Update: The Good, The Bad, and The Ugly," National CLE Conference (LEI), Vail, Colorado, January 4-5, 2009; "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (October 21, 2008); "The Art of the Carve-Out," NABT Spring Seminar, Santa Fe, New Mexico (April 26, 2008);   "Bankruptcy Claim Quandaries, Administrative Claims, Claims Evidentiary Issues, Superpriority Claims Upon Conversion to Chapter 7, Rejection Claims, and Estimation Claims," National CLE Conference (LEI), Vail, Colorado, January 4-6, 2008; "Select Exemption Issues," National Conference Bankruptcy Judges, Orlando, Florida (October 10, 2007); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees) Atlanta, Georgia (September 27, 2007), "Administering Exempted Assets," NABT Spring Seminar,  Atlanta, Georgia (March 16, 2007); "Pro Se Debtor Cases and Issues," American Bankruptcy Institute's 11th Annual Southeast Bankruptcy Workshop (July 26-29, 2006); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Miami, Florida, Georgia (June 22-23, 2006); "Bankruptcy Reform Act - Hot Issues," NABT Spring Seminar, Phoenix, Arizona (March 4, 2006); "Tax Issues in the Era of the New Bankruptcy Reform Act," Georgia Society of CPAs, Atlanta, Georgia (June 21, 2005); "The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: How will it affect your business?" AGG Seminar, Atlanta, Georgia (June 3, 2005); "Bankruptcy Issues for the Commercial Realtor," Atlanta Board of Realtors, Atlanta, Georgia (June 2, 2005); "Proving Deepening Insolvency," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (March 24, 2005); "Case Conversion Issues," United States Trustee Region 21 Seminar (includes Florida and Georgia Trustees), Savannah, Georgia (January 20-21, 2005); "New Developments: A Trustee's Perspective," NABT Convention, San Diego, California (September 11, 2004); "Holding onto Assets," NABT Spring Seminar, Las Vegas, Nevada (March 12-13, 2004); "Case Law Update," United States Trustee Region 21 Seminar, Atlanta, Georgia (January 8, 2004); "Recovering Assets through Litigation in Bankruptcy," National Bankruptcy Training Institute, Columbia, South Carolina (November 18, 2003); Faculty Member, National Bankruptcy Training Institute, Columbia, South Carolina (2003); "Claims

18

Review, Objections, and Resolutions," NABT Annual Convention, Washington, D.C. (September 9, 2003); "Perfection of Collateral" and "Guaranty Agreements," SouthTrust Bank Live Video Broadcast Seminar, Atlanta, Georgia (August 22, 2003); "Establishing Corporate Insider Liability: From Deepening Insolvency to Avoidance Issues," NABT Spring Seminar, Coral Gables, Florida (March 29, 2003); Training Seminar for New Trustees, Office of the United States Trustee (September 12, 2002); "Case Law Update," United States Trustee Region 21 Seminar (Florida and Georgia Trustees) (May 3, 2002); "Bankruptcy and Foreclosures," Georgia ICLE (April 17, 2002); "Loan Documentation Issues," (August 22, 2003); "How to Protect the Interest of Secured Creditors in Georgia," National Business Institute (NBI); "How New Bankruptcy Legislation Will Impact Your Practice," Consumer Bankruptcy Attorneys Association; "Advanced Real Estate Seminar: Bankruptcy Issues," NBI; "Ethics in Bankruptcy," State Bar of Georgia, Bankruptcy Law Section; "Chapter 11 Single Asset Real Estate Cases," Atlanta Bar Association, Bankruptcy Law Section; "Bankruptcy: An Overview," Georgia Department of Banking and Finance; "Bankruptcy: An Overview," Mortgage Bankers Association of Georgia; "Liens and Credit Issues in Bankruptcy," NBI.

**MICHAEL J. BARGAR** – Admitted to Georgia Bar in 2010. Education: Ashland University (B.A., 2001); Case Western Reserve University, (MBA, 2007); Emory University (J.D., 2010). Member: State Bar of Georgia. Executive Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring. Barrister, W. Homer Drake, Jr. Georgia Bankruptcy American Inn of Court. Panel Member, Chapter 7 Panel of Trustees for the Northern District of Georgia. Fellow, American Bar Foundation.

### ASSOCIATE

**MEGHAN J. WELLS** – Admitted to Georgia Bar in 2016. Education: University of Georgia (B.S., summa cum laude with honors, 2013); University of Georgia (J.D., magna cum laude, 2016, Order of the Coif). Managing Board Member, *Georgia Law Review*. Member: State Bar of Georgia. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring.

17319713v1

**CERTIFICATE OF SERVICE**

This is to certify that on November 9, 2021, the undersigned caused to be served a true and correct copy of the forgoing *First Interim Application Of Arnall Golden Gregory LLP For Allowance Of Compensation And Reimbursement Of Expenses As Counsel For Trustee* by depositing copies of same into the United States mail on the date set forth above, with adequate postage affixed thereto to assure delivery by regular first class mail to the following entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305-2153

Ronald Jean Martin Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

Tonya Williams Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

This 9th day of November, 2021.

By:/s/ Michael J. Bargar
    Michael J. Bargar
    Georgia Bar No. 645709

17319713v1