UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RONALD JEAN MARTIN AGENOR and | : | CASE NO. 14-51529 - WLH |
| TONYA WILLIAMS AGENOR, | : | |
| | : | |
| Debtors. | : | |
| | : | |

**NOTICE OF FILING OF APPLICATION FOR FINAL COMPENSATION OF
COUNSEL FOR TRUSTEE**

**COMES NOW** S. Gregory Hays, as Chapter 7 trustee ("**Trustee**") for the bankruptcy

estates of Ronald Jean Martin Agenor and Tonya Williams Agenor, and hereby gives notice of

the filing of the *Final Application of Lamberth, Cifelli, Ellis & Nason, P.A. for Allowance of*

*Compensation and Reimbursement of Expenses as Counsel for Trustee*, a copy of which is

attached hereto as Exhibit "1."

Respectfully submitted, this 9th day of November, 2021.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Chapter 7 Trustee*

By:*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

171 17th Street NW, Suite 2100
Atlanta, GA 30363
Phone: 404.873.7030

17348151v1

**EXHIBIT "1" FOLLOWS**

17348151v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RONALD JEAN MARTIN AGENOR and | : | CASE NO. 14-51529-WLH |
| TONYA WILLIAMS AGENOR, | : | |
| | : | |
| Debtors. | : | |
| | : | |

**FINAL APPLICATION OF LAMBERTH, CIFELLI, ELLIS & NASON, P.A. FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS
COUNSEL FOR TRUSTEE**

COMES NOW Lamberth, Cifelli, Ellis & Nason, P.A. ("**LCEN**" or "**Applicant**"), former attorneys for S. Gregory Hays, Chapter 7 trustee for the bankruptcy estates (the "**Bankruptcy Estates**") of Ronald Jean Martin Agenor and Tonya Williams Agenor (the "**Debtors**"), and, pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016, applies for allowance of compensation in the amount of $18,217.50 and for reimbursement of expenses in the amount of $60.81 for the period from March 5, 2014, through March 23, 2015, plus fees and expenses attendant to preparation of this Application.  In support thereof, LCEN shows as follows:

**Background**

1.      On January 23, 2014 (the "**Petition Date**"), Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Court**"), initiating Chapter 7 Case No. 14-51529-WLH (the "**Bankruptcy Case**").

2.      S. Gregory Hays (the "**Trustee**") was appointed and remains the duly authorized and acting Chapter 7 trustee for the Bankruptcy Estates.

505598

3.      On April 8, 2014, Trustee filed the *Application for Approval of Employment of Lamberth, Cifelli, Stokes, Ellis & Nason, P.A. as Attorneys for Trustee*[1] (Doc. No. 14), and the *Order Approving Employment of Attorneys* (Doc. No. 17) was entered on April 10, 2014.

4.      Trustee filed or caused to be filed his *Application for Substitution of Attorneys* on April 13, 2015 (Doc. No. 52).  In this filing, Trustee requested substitution of Arnall Golden Gregory, LLP ("**AGG**") as his counsel in the Bankruptcy Case.  The Court granted the Application for Substitution and authorized AGG as counsel for the Trustee in its Order entered on April 15, 2015 (Doc. No. 53).

5.      In this Application, LCEN seeks allowance of compensation and reimbursement of expenses while serving as counsel for Trustee and for the services and expenses incurred in connection with preparation of this Application.

### Narrative Summary of Services Performed

6.      Prior to the Petition Date, Mr. Agenor played tennis on the tour of the Association of Tennis Professionals (the "**ATP**"), but Mr. Agenor was not an employee of the ATP.

7.      On Schedule C – Property Claimed as Exempt (Doc. No. 1 at page 15 of 81), Mr. Agenor scheduled an exemption of his interest in an ATP Retirement Plan (the "**ATP Plan**") under O.C.G.A. § 44-13-100(a)(2.1)(C) (the "**Exemption**").

8.      The ATP Plan is a split-dollar life insurance arrangement, whereby the ATP Tour, Inc. makes loans to former and/or current ATP tennis players to pay premiums for life insurance benefits represented by various insurance policies.

9.      Mr. Agenor is entitled to receive annual payments from his interest in the ATP Plan for 20 years (the "**Annual Payments**").

---

[1] Lamberth, Cifelli, Ellis and Nason, P.A. is successor by name change to Lamberth, Cifelli, Stokes, Ellis and Nason, P.A.

505598

10.    The ATP Plan includes a life insurance policy that provides a death benefit upon the death of Mr. Agenor (the "**Life Insurance Policy**").

11.    Mrs. Agenor is the sole beneficiary of the Life Insurance Policy and will receive insurance proceeds if Mr. Agenor dies.

12.    After the Section 341 Meeting of Creditors, a review of available documents, and an investigation by Trustee, Trustee determined that there were issues with the Exemption.

13.    On July 30, 2014, Trustee filed *Trustee's Objection to Debtors' Claim of Exemptions* (Doc. No. 33), requesting, among other things, that the Court enter an order denying the Exemption.

14.    After evaluation and assessment of legal issues, Trustee and Debtors entered into negotiations.   These negotiations led to entry of a Settlement Agreement.   Trustee sought approval of the Settlement Agreement in his *Motion for Order Authorizing Compromise and Settlement with Debtors under Federal Rules of Bankruptcy Procedure Rule 9019 and Compelling Payments Directly to Trustee* (the "**Settlement Motion**") filed on March 18, 2015 (Doc. No. 49).   In its Order entered on April 27, 2015, the Court approved the Settlement Agreement (Doc. No. 59).

15.    Under the Settlement Agreement, the Trustee is to be paid $94,500.00 over time from Annual Payments that Mr. Agenor is scheduled to receive under the ATP Plan.

16.    The recoveries in this Bankruptcy Case come from the settlement that was the subject of the Settlement Motion filed on March 18, 2015 (Doc. No. 49).

### Particulars of Application and Johnson Factors

17.    This Application for allowance of compensation and reimbursement of expenses is the first application LCEN has filed in this case.

505598

18.     Pursuant to the provisions of 11 U.S.C. § 330, LCEN files this Application in which it seeks compensation for services rendered as counsel for Trustee, together with reimbursement of expenses incurred in connection therewith, for the period from March 5, 2014, through March 23, 2015, plus fees and expenses attendant to preparation of this Application.

19.     For the period covered by this application, LCEN's attorneys and legal assistants have devoted a total of not fewer than 77.20 hours in rendering services in this case.  A summary of hours spent by each attorney or legal assistant is attached as Exhibit "A."  Attached hereto as Exhibit "B" is a narrative summary of the services which have been provided in this case as a supplement to the above summary.  Detailed descriptions of the hours spent and services rendered are set forth in Exhibit "C" by subject area category.

20.     With respect to the services which have been provided by LCEN in this case, as summarized on Exhibit "B," LCEN shows that all services provided as counsel for Trustee were necessary to assist Trustee in the proper and effective administration of the estates of Debtors and the protection of the rights and positions of creditors and the estates.  LCEN shows that the fair and reasonable value of these services, and the cost of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $18,217.50 based primarily on the normal hourly rates of the attorneys and legal assistants providing such services, as set forth on Exhibit "A."

21.     LCEN is a law firm with major practice areas in Chapter 7 and Chapter 11 business cases.  A firm résumé detailing the firm's practice and including attorney profiles was attached to the *Application for Approval of Employment of LCEN as Attorneys for Trustee*.

22.     LCEN has developed and demonstrated, in previous cases as well as in this one, a high level of legal skills, experience, and expertise in the effective and economic representation

4

of debtors and other fiduciaries in large and complex Chapter 7 cases. The bankruptcy lawyers in the firm are well-versed in both the substantive and procedural issues which arise in such cases and, consequently, are able to provide prompt, efficient, and effective legal services as required. Because of their experience in large cases, attorneys with the firm are able to mobilize and coordinate the resources of the firm, the client, other professionals, and outside services so that the logistical and clerical requirements of cases such as this can be timely, effectively, and efficiently met.

23.    LCEN submits that its requested hourly rates are equal to or less than the rates of lawyers of reasonably comparable skills, experience and reputation in cases of similar complexity and size in the geographic area in which it practices.

24.    LCEN shows that all services for which compensation is requested have been actually provided to Trustee, and to no other parties, and have been necessary for the proper and effective administration of this case and for the benefit of the Debtors' estates and creditors.

25.    LCEN submits that it is entitled to allowance of compensation in the amount of not less than $18,217.50 based on a "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as summarized on Exhibit "A." LCEN shows that consideration of the twelve factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), and adopted by the Eleventh Circuit in Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988) and Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990), for evaluation of applications for compensation, supports such compensation as shown below. The following summarizes the application of the Johnson factors to this case:

505598

(a)  *Time and labor required*:  LCEN has expended a total of 77.20 attorney and legal assistant hours.  The legal issues presented by this case have required time and attention.

(b)  *Novelty and difficulty of the legal questions*: The legal issues in this Bankruptcy Case required thoughtful and careful consideration by counsel.

(c)  *Skill required to perform the legal services properly*:  Trustee chose LCEN because LCEN has the requisite skill and experience to perform the necessary legal services properly and to supervise all legal matters in this case.

(d)  *Preclusion of other employment due to acceptance of this case*: The extent and nature of the time and attention did at times limit the capacity of the attorneys involved in this Bankruptcy Case to handle other matters, but not to an unusual degree.

(e)  *Customary fee for similar work in the community*:  LCEN is regularly compensated in Chapter 7 bankruptcy cases in which it represents trustees, responsible persons or debtors in possession on the same basis as requested herein.

(f)  *Whether fee is fixed or contingent*:  This is not a contingency case.  LCEN charges a reasonable fee, taking into account the time and value of services rendered, the results achieved, the novelty and complexity of the issues presented, the time demands imposed by the client and circumstances, and other relevant factors.  Time was charged at hourly rates for attorney and paralegal time.  Other relevant factors taken into account in setting a reasonable fee include the amounts involved and the results achieved in the representation, the novelty and complexity of the issues presented, and any time constraints imposed by the client or the circumstances.  LCEN also charges for expenses incurred in connection with the provision of legal services as set forth in the attached Exhibit "D."  The compensation LCEN is seeking to be paid in this case, subject to Court approval under 11 U.S.C. § 330, is based on hourly rates.

6

(g)  *Time limitations imposed by the clients or circumstances*:  LCEN has been required to meet time limitations imposed by the Bankruptcy Code, the Court, or parties-in-interest for filing of various motions or applications in order to complete matters timely.

(h)  *Amount involved and results obtained*:  LCEN was successful in laying the groundwork for the recovery that was brought into the Bankruptcy Estates.

(i)  *Experience, reputation, and ability of attorneys*:  LCEN's attorneys have significant experience and ability in handling chapter 7 cases.

(j)  *Undesirability of the case*:  This is not a factor in this case.

(k)  *Nature and length of the professional relationship with the client*:  This is not a factor in this case.

(l)  *Awards in similar cases*:  LCEN is regularly awarded compensation in bankruptcy cases on the same basis as requested herein, or at higher rates.

26.  Any compensation awarded by the Court will not be shared except among LCEN's members and lawyers regularly practicing with LCEN.

27.  LCEN shows further that it has incurred $60.81 in out-of-pocket expenses.  The expenses incurred in this case were actual, necessary expenses which are reasonable given the size of this case and the unavoidable costs of administration and coordination of service of notices and other documents.  Detailed descriptions of expenses incurred during the period covered by this Application are included in Exhibit "D."

28.  Trustee has reviewed this Application and has approved the requested amount.

29.  LCEN requests that this Application and attached exhibits be admitted into evidence at any hearing on this Application.

505598

30.    Based on the foregoing, LCEN seeks allowance of $18,217.50 as compensation and $60.81 in reimbursement of expenses, in this Bankruptcy Case for a total of $18,278.31 for the period covered by this Application.

31.    At times, proper and appropriate handling required a prompt commitment of resources and personnel from LCEN.  Accordingly, LCEN submits this Application should be granted by the Court in every respect.

WHEREFORE, LCEN respectfully prays:

(a)    That LCEN be allowed compensation in the amount of $18,217.50 as and for the reasonable value for services rendered in connection with its retention as counsel for Trustee for the period covered by this Application;

(b)    That LCEN be allowed the sum of $60.81 for the reimbursement of out-of-pocket expenses incurred in this case for the period covered by this Application;

(c)    That the Court grant the compensation and reimbursement of expenses sought herein and authorize payment of fees and reimbursement of expenses;

(d)    That the Court make final the awards of compensation and reimbursement made to LCEN; and

(e)    That the Court grant such other and further relief as may be just and proper.

This 2nd day of March, 2018.

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Trustee*

By: */s/ J. Michael Lamberth*
J. Michael Lamberth
Georgia Bar No. 431975
MLamberth@lcenlaw.com

1117 Perimeter Center West, Suite W212
Atlanta, Georgia 30338
(404) 262-7373

8

505598

**EXHIBIT "A" FOLLOWS**

505598

**Summary of Time**

**Agenor, Ronald Jean Martin & Tonya Williams (Greg Hays, Chp.7 Trustee)**
**All Matters Combined**

| Attorney | Hours | Rate | Extension |
|---|---|---|---|
| J. Michael Lamberth | 7.80  hrs | 425.00 /hr | 3,315.00 |
| Michael J. Bargar | 1.40  hrs | 112.50 /hr | 157.50 |
| Michael J. Bargar | 60.60  hrs | 225.00 /hr | 13,635.00 |
| Elizabeth A. Miller | 7.40  hrs | 150.00 /hr | 1,110.00 |
| **TOTAL FEES** | **77.20  hrs** | $ | **18,217.50** |

## EXHIBIT "B"

### Summary of Services Provided by Category

**Asset Analysis and Recovery**

LCEN provides in paragraphs 6 through 16 a description of the services that it rendered to Trustee in this case.

**Case Administration**

Services in this category concerned the activity incident to administration of this case.

**Employment and Compensation of Professionals**

Services in this category included the preparation of the pleadings to employ LCEN and preparing this Application.

505598

**EXHIBIT "C" FOLLOWS**

505598

**Summary of Time**

**Agenor, Ronald Jean Martin & Tonya Williams (Greg Hays, Chp.7 Trustee)**
**Asset Analysis and Recovery**

| Attorney | Hours | Rate | Extension |
|---|---|---|---|
| J. Michael Lamberth | 6.00 hrs | 425.00/hr | 2,550.00 |
| Michael J. Bargar | 1.40 hrs | 112.50/hr | 157.50 |
| Michael J. Bargar | 60.00 hrs | 225.00/hr | 13,500.00 |
| Elizabeth A. Miller | 5.10 hrs | 150.00/hr | 765.00 |
| **TOTAL FEES** | **72.50 hrs** | | **16,972.50** |

Agenor, Ronald Jean Martin & Tonya Williams (Greg Hays, Chp.7 Trustee)
Asset Analysis and Recovery
As of 3/2/2018

| Date | Initials | Description | Hours | |
|---|---|---|---|---|
| 3/5/2014 | JML | Initial analysis and assessment of schedules and SOFA in connection with potential asset recoveries, causes of action, and related and discuss and provide input to MJB re the foregoing | 0.40 | hrs |
| 3/5/2014 | MJB | Gather facts and consider legal issues related to potential asset recoveries [1.1]; Evaluate and analyze same with JML [.2]; Draft correspondence to G. Hays re same [.4]; Continue to evaluate and analyze potential recoveries and consider legal strategies related to same [.7]; Telephone call to G. Hays re same [.2]; Telephone call to J. Barash, counsel for creditor, re potential asset recoveries and legal issues related to same [.1]; Telephone call from J. Barash re same [.2]; Draft correspondence to J. Barash re same [.2]; Draft correspondence to G. Hays re same [.2] | 3.30 | hrs |
| 3/5/2014 | MJB | Listen to Debtors' 341 meeting re asset analysis and recovery and legal issues related to same | 0.50 | hrs |
| 3/13/2014 | MJB | Telephone call to Scott Askue in G. Hays' office re legal and tax issues related to potential asset recoveries | 0.10 | hrs |
| 3/14/2014 | MJB | Evaluate and analyze debtors' bankruptcy disclosure forms and consider legal issues and strategies related to asset analysis and recovery [.3]; Draft correspondence to debtors' attorney re document and information production [.4]; Draft correspondence to G. Hays re same [.1]; Draft correspondence to S. Brandao, counsel for debtors, re same [.1] | 0.90 | hrs |
| 4/8/2014 | JML | Analyze and review statement re benefit/life insurance of Debtor and consider and analyze legal issues pertaining to property of estate issues [.3]; Discuss with MJB legal issues re property of estate and Debtor's interest in annuity/life insurance [.1] | 0.40 | hrs |
| 4/8/2014 | MJB | Continue to legal research re legal issues related to recovery from debtor's ATP plan [1.1]; Draft correspondence to Trustee re same and legal strategy related to potential asset recoveries [.3]; Draft motion to extend time to object to debtors' exemptions [.4]; Draft motion to extend time to object to debtors' discharge [.4]; Draft correspondence to Trustee re same [.2]; Telephone call to Trustee re same [.1]; Telephone call to Shannon Brandao, debtors' attorney, re same [.1]; Telephone call from Shannon Brandao, debtors' attorney, re same [.1]; Draft notices of hearing for motions to extend deadlines to object to discharge and exemptions [.3] | 3.00 | hrs |
| 4/9/2014 | MJB | Evaluate and analyze potential recovery related to ATP plan and consider legal issues and strategies related to same [.3]; Draft proposed consent orders for motions to extend time to object to discharge and exemptions [.4]; Draft correspondence S. Brandao, debtor's counsel, re same [.2] | 0.90 | hrs |
| 4/11/2014 | JML | Document assessment and review re secured benefit fund/plan/life insurance and discuss legal issues with MJB re recovery for estate [.5]; Assess and edit demand letter drafted by MJB re standstill with regard to the secured benefit fund/plan/life insurance fund for transmission to counsel for Debtors [.1] | 0.60 | hrs |
| 4/11/2014 | MJB | Evaluate and analyze documents produced by Debtors re ATP plan and consider legal issues and strategies related to recovery of same [1.9]; Evaluate and analyze same with JML and consider legal strategies moving forward [.5]; Draft correspondence to Trustee re same [.2]; Draft correspondence to S. Brandao, counsel for debtors, re same [.3]; Continue to draft same [.4]; Draft correspondence to Trustee re same [.1]; Draft correspondence to S. Brandao re same [.1]; Legal research re exemptions | 4.60 | hrs |

|  |  | of split dollar insurance policy in bankruptcy by debtor owner [1.1] |  |  |
|---|---|---|---|---|
| 4/14/2014 | MJB | Draft correspondence to Trustee re ATP plan and legal issues and strategy related to bring same into the bankruptcy estate | 0.30 | hrs |
| 4/16/2014 | JML | Consideration, analysis, and evaluation of legal issues relating to insurance policy, Debtor with ATP, estate interests, tax related issues, and additional and further consideration of legal bases for including insurance as part of estate of debtor | 0.40 | hrs |
| 4/16/2014 | MJB | Continue to legal research issues related to exemption of ATP plan under 44-13-100(a)(2.1)(C) and consider legal strategy related to recovering funds for benefit of estate [1.1]; Evaluate and analyze same with JML and consider legal strategy related to recovering same for estate [.2]; Draft correspondence to Shannon Brandao, counsel for debtors, re standstill related to ATP plan [.2]; Continue to legal research re same [2.0]; Telephone cal to Shannon Brandao, counsel for debtors, re funds in ATP plan [.1]; Draft correspondence to Trustee re legal issues related to ATP plan and bringing same into estate [.1]; Telephone call to Trustee re same [.2]; Continue to legal research re same [.9] | 4.80 | hrs |
| 4/17/2014 | MJB | Continue to legal research issues related to recovery of ATP plan funds for benefit of estate [1.1]; Draft correspondence to Shannon Brandao, counsel for debtors, re outstanding consent orders on motions to extend time related to exemptions and discharge [.1]; Draft correspondence to S. Brandao, debtors' counsel, re turnover of additional documents related to ATP plan [.3]; Telephone call to Trustee re same and legal strategy going forward [.2]; Draft correspondence to Trustee re same [.1]; Draft correspondence to S. Brandao, counsel for debtors, re same [.1] | 1.90 | hrs |
| 4/18/2014 | JML | Analyze and consider legal issues based on updated facts and circumstances regarding ATP life insurance plan and interest of estate in the plan and provide analysis and input to MJB re the foregoing | 0.30 | hrs |
| 4/18/2014 | MJB | Telephone call from S. Brandao, debtors' attorney, re legal issues related to the ATP plan and the exemption of the same [.4]; Telephone call to S. Brandao, debtors' attorney, re same [.1]; Legal research re same [1.1]; Evaluate and analyze same with JML and consider legal issues and strategies moving forward [.2]; Continue to legal research re same [.8] | 2.60 | hrs |
| 4/22/2014 | MJB | Continue to legal research legal issues related to recovery from ATP plan [.6]; Telephone call to Trustee re same [.2]; Continue to legal research re same [.3] | 1.10 | hrs |
| 5/1/2014 | MJB | Evaluate and analyze documents emailed by debtor re access to cash value of split dollar insurance policy and consider legal issues and strategies related to recovery of same for estate [.7]; Draft correspondence to Trustee re same [.3]; Draft correspondence to Trustee re same [.3] | 1.30 | hrs |
| 5/2/2014 | JML | Discuss and evaluate with MJB recently gathered documents and information as to split life insurance policy in estate and legal issues relating to potential recovery for estate [.3]; Follow up thinking through of legal issues raised in the conference with MJB [.2] | 0.50 | hrs |
| 5/2/2014 | MJB | Evaluate and analyze with JML legal issues and strategies related to potential recoveries arising from ATP plan | 0.30 | hrs |
| 5/5/2014 | MJB | Telephone call to Trustee re legal issues related to obtaining permission to discuss ATP plan with ATP entity [.2]; Telephone call to S. Brandao, debtors' attorney, re same [.1] | 0.30 | hrs |
| 5/7/2014 | MJB | Evaluate and analyze insurance policy emailed by debtors' attorney and consider legal issues and strategies related to potential recovery [.2]; Draft correspondence to Trustee re same [.1] | 0.30 | hrs |

| Date | Initials | Description | Hours | |
|------|----------|-------------|-------|---|
| 5/8/2014 | JML | Initial assessment and review of insurance policy and split dollar insurance and analyze and discuss with MJB exemption claims by debtor and basis for objection and attendant discussion of legal issues [.4]; Follow up assessment of related documents and consideration of legal issues and potential assignment re insurance policy [.2] | 0.60 | hrs |
| 5/8/2014 | MJB | Telephone call to Trustee re legal issues and strategies related to recovery from ATP plan [.1]; Evaluate and analyze documents produced by debtor re same and consider legal strategies and issues related to prospective recovery [.5]; Evaluate and analyze same with JML and consider legal issues and strategies moving forward [.1]; Draft correspondence to Trustee re legal issues and strategies related to recovery of cash value of Pacific Life insurance policy [.4]; Continue to legal research re same [.8]; Telephone call to Trustee re same [.1] | 2.00 | hrs |
| 5/11/2014 | MJB | Legal research re exemption in split dollar life insurance policy and other legal issues related to recovery of cash value of Pacific Life insurance policy [1.4]; Continue to legal research same [1.1] | 2.50 | hrs |
| 5/12/2014 | JML | Obtain additional info from MJB regarding split dollar life insurance policy, analysis and evaluation of legal issues regarding exemptions, and potential claim of estate to recovery of cash value of the split dollar policy | 0.30 | hrs |
| 5/12/2014 | MJB | Legal research tax consequences of potential asset recovery from split dollar life insurance policy | 0.80 | hrs |
| 5/17/2014 | MJB | Continue to legal research potential recovery of cash value from ATP plan | 1.20 | hrs |
| 6/6/2014 | MJB | Draft correspondence to Trustee re legal issues related to asset recoveries | 0.10 | hrs |
| 6/6/2014 | MJB | Continue to legal research potential recoveries related to ATP plan and potential objection to exemption of same | 0.90 | hrs |
| 7/1/2014 | MJB | Telephone call to Trustee re legal issues and strategies related to recovery from split dollar life insurance policy | 0.40 | hrs |
| 7/21/2014 | MJB | Gather facts and legal research re objection to exemption in ATP split dollar life insurance policy | 1.60 | hrs |
| 7/23/2014 | MJB | Evaluate and analyze with JML status of objection to exemptions | 0.20 | hrs |
| 7/29/2014 | MJB | Draft objection to exemption in ATP Plan | 1.30 | hrs |
| 7/30/2014 | JML | Edit and review draft from MJB of objection to exemption claim by Debtor Ronald Agenor and discussions with MJB regarding proposal | 0.40 | hrs |
| 7/30/2014 | MJB | Continue to draft objection to exemption of ATP plan [.3]; Draft correspondence to Trustee re same [.2]; Telephone call to Trustee re same [.1]; Coordinate filing and service of same with support staff [.2] | 0.80 | hrs |
| 7/30/2014 | EAM | Draft notice of hearing on objection to exemptions [.2]; Revise hearing notice and finalize objection for filing [.2]; Electronically file objection and notice of hearing and coordinate service of same [.2] | 0.60 | hrs |
| 8/4/2014 | MJB | Draft correspondence to Trustee re legal issues related to potential recovery and issues related to debtors' discharge [.3]; Telephone call to Trustee re same [.1] | 0.40 | hrs |
| 8/27/2014 | MJB | Evaluate and analyze and legal research related to potential recoveries from ATP plan | 0.50 | hrs |
| 9/19/2014 | MJB | Legal research re potential recovery and settlement arising from objection to exemption of debtor [1.3]; Continue to legal research re same [.8]; Draft detailed correspondence to Trustee re same [1.1]; Telephone call to Trustee re same [.2]; Meet with Trustee re same [.2] | 3.60 | hrs |

| Date | Initials | Description | Hours | |
|---|---|---|---|---|
| 9/24/2014 | JML | Discuss with MJB legal issues relating to potential recovery of interest in split life insurance policy owned by debtor and discussion of legal strategies regarding recovery [.2]; Follow up assessment of legal issues and bases for recovery and related legal analysis of issues as to split dollar insurance and property of the estate [.3] | 0.50 | hrs |
| 9/24/2014 | MJB | Telephone call to Shannon Brandao, counsel for Debtors, re offer and compromise related to objection to claim of exemptions [.2]; Draft correspondence to Shannon Brandao, counsel for Debtors, re same [.5]; Evaluate and analyze same with JML and consider legal issues and strategies related to same [.2]; Continue to draft correspondence to Shannon Brandao re same [.3] | 1.20 | hrs |
| 9/25/2014 | MJB | Telephone call to Trustee re legal issues and strategies related to settlement discussions arising from ATP plan interest of estate and exemption by Debtor of the same [.2]; Legal research re same [.4]; Draft correspondence to Trustee re same [.1]; Draft correspondence to Trustee re same [.1] | 0.80 | hrs |
| 9/26/2014 | MJB | Draft correspondence to Trustee re legal issues and strategies related to recoveries from ATP plan interest | 0.20 | hrs |
| 9/29/2014 | MJB | Telephone call to Trustee re legal issues related to exemption in ATP plan [.2]; Telephone call to Trustee re same [.1]; Draft correspondence to Judge Hagenau's chambers re motion for continuance on objection to exemption [.2]; Telephone call to Shannon Brandao re same [.1] | 0.60 | hrs |
| 10/1/2014 | MJB | Telephone call to Trustee re continuation of hearing on exemption objection [.2]; Telephone call to Judge Hagenau's calendar clerk re same [.1] | 0.30 | hrs |
| 10/2/2014 | EAM | Draft notice of reset hearing on objection to exemptions | 0.20 | hrs |
| 10/3/2014 | MJB | Draft correspondence to Trustee re status of settlement discussions with Debtor re objection to exemption in ATP plan [.1]; Draft correspondence to Trustee re same [.1]; Telephone call to Shannon Brandao, counsel for debtors, re settlement of objection to debtor exemption [.1]; Telephone call from Shannon Brandao re same [.1]; Evaluate and analyze same with JML and consider legal issues and concerns moving forward [.2]; Telephone call to Trustee re same [.3]; Legal research re same [.4]; Draft correspondence to Trustee re legal issues and suggested strategy related to ATP funds and objection to exemption of debtor [.6]; Meet with Trustee and discuss settlement strategy [.2] | 2.10 | hrs |
| 10/3/2014 | EAM | Finalize and electronically file notice of reset hearing on objection to exemptions; oversee service of same | 0.40 | hrs |
| 10/6/2014 | MJB | Draft correspondence to Trustee re legal issues related to settlement of claims related to exemption in ATP plan [.2]; Gather facts and prepare for telephone call to Shannon Brandao, debtors' attorney, re settlement discussions related to claim objection of Trustee [.5]; Telephone call to Shannon Brandao re same [.1] | 0.80 | hrs |
| 10/7/2014 | MJB | Telephone call to Shannon Brandao, former counsel for debtors, re settlement discussions related to exemption objection by Trustee | 0.10 | hrs |
| 10/13/2014 | MJB | Telephone call to Shannon Brandao, former counsel for Debtors, re settlement discussions related to ATP plan interest [.2]; Telephone call to Trustee re same [.2]; Gather facts and consider legal issues and strategies related to same [.2]; Evaluate and analyze same with JML and consider strategy moving forward [.2] | 0.80 | hrs |
| 10/14/2014 | MJB | Telephone call to Trustee re settlement of ATP claim | 0.20 | hrs |
| 10/15/2014 | MJB | Telephone call to Trustee re settlement related to ATP interest | 0.50 | hrs |
| 10/16/2014 | MJB | Telephone call to Trustee re legal issues and strategies related to settlement | 0.60 | hrs |

of claim to ATP plan [.2]; Legal research re same [.4]

| | | | | |
|---|---|---|---|---|
| 10/20/2014 | MJB | Prepare for telephone call to Shannon Brandao, former counsel for debtors, re settlement discussions related to ATP plan interest [.2]; Telephone call to Shannon Brandao re settlement discussions related to ATP plan interest [.1]; Telephone call from Shannon Brandao, re same [.1] | 0.40 | hrs |
| 11/3/2014 | JML | Obtain report and discuss with MJB current negotiations as to settlement with debtors regarding exemption issues and think through and discuss strategy options | 0.20 | hrs |
| 11/3/2014 | MJB | Telephone call to Shannon Brandao, former counsel for debtors, re status update on settlement discussions related to ATP plan of Mr. Agenor [.1]; Telephone call from Shannon Brandao re same [.1]; Telephone call to Agenors re settlement discussions[.3]; Draft correspondence to Shannon Brandao re same [.3]; Draft email correspondence to Shannon Brandao re same [.1]; Draft correspondence to Trustee re same [.2]; Meet with Trustee re same [.2] | 1.30 | hrs |
| 11/4/2014 | MJB | Draft correspondence to Trustee re legal issues related to settlement of claims related to ATP plan | 0.20 | hrs |
| 11/7/2014 | JML | Evaluate and consider latest counter proposal from debtors regarding annuity settlement discussions, evaluate, and then provide analysis/input to MJB | 0.40 | hrs |
| 11/7/2014 | MJB | Evaluate and analyze counter offer from Debtors re objection to exemption in ATP plan and consider legal issues and strategies moving forward [.4]; Conference with JML re same [.1]; Telephone call to Trustee re counter offer from Debtors re objection to exemption in ATP plan [.1]; Draft correspondence to Trustee re same and legal issues and strategies moving forward [.3] | 0.90 | hrs |
| 11/10/2014 | MJB | Telephone call to Trustee re terms of proposed settlement and related legal issues and strategies regarding prospective consummation of same | 0.20 | hrs |
| 11/12/2014 | MJB | Telephone call from Ronald Agenor, debtor, re settlement arising from ATP plan | 0.20 | hrs |
| 11/17/2014 | MJB | Telephone call to support staff re notice of reset hearing on objection to exemptions [.1]; Edit same [.1]; Draft correspondence to Trustee re same [.1]; Telephone call to debtors re filing of same and legal issues related to settlement agreement [.2] | 0.50 | hrs |
| 11/17/2014 | EAM | Draft second notice of reset hearing on objection to exemption and electronically file and coordinate service of same | 0.40 | hrs |
| 11/18/2014 | MJB | Telephone call to Judge Hagenau's chambers re notice of reset hearing on exemption objection | 0.10 | hrs |
| 11/20/2014 | MJB | Evaluate and analyze pleading filed by debtors and consider legal issues related to prospective settlement related to ATP plan payments [.3]; Draft correspondence to support staff re same [.2] | 0.50 | hrs |
| 12/17/2014 | MJB | Telephone call to R. Agenor re status of settlement agreement and related legal issues | 0.20 | hrs |
| 12/29/2014 | MJB | Telephone call to R. Agenor re status of settlement agreement and related issues | 0.20 | hrs |
| 1/14/2015 | JML | Conference with MJB to discuss, analyze issues and context of settlement and issues to cover in settlement document [.3]; Review and edit draft from MJB of settlement agreement and related legal analysis [.4] | 0.70 | hrs |
| 1/14/2015 | MJB | Telephone call from Ronald Agenor re settlement of exemption objection [.1]; | 1.80 | hrs |

| | | Evaluate and analyze with JML legal issues and strategies re same [.3]; Draft settlement agreement [1.4] | | |
|---|---|---|---|---|
| 1/15/2015 | MJB | Draft correspondence to Trustee re draft settlement agreement [.2]; Telephone call to Trustee re same [.3]; Continue to draft same following requested edits by Trustee [.4]; Draft correspondence to Trustee re same [.2] | 1.10 | hrs |
| 1/16/2015 | MJB | Draft notice of reset hearing re objection to exemptions [.3]; Coordinate with support staff filing of same [.1] | 0.40 | hrs |
| 1/19/2015 | MJB | Draft correspondence to Ronald Agenor re status of settlement agreement and hearing on Trustee's objection to Debtors' claim of exemptions | 0.30 | hrs |
| 1/22/2015 | MJB | Telephone call to Judge Hagenau's chambers re reset of hearing on exemption objection [.1]; Attend hearing re same [.2] | 0.30 | hrs |
| 1/22/2015 | MJB | Travel to and from hearing on exemption objection just in case Court re questions related to settlement agreement with debtors (billed at 1/2 hourly rate) | 1.40 | hrs |
| 2/6/2015 | MJB | Telephone call to Ronald Agenor re status of settlement agreement related to exemption objection [.1]; Draft correspondence to Ronald Agenor re same [.1] | 0.20 | hrs |
| 2/12/2015 | MJB | Discuss with Trustee re status of Agenor settlement agreement and related legal issues [.1]; Telephone call to Ronald Agenor re same [.1]; Telephone call to Tonya Agenor re same [.1]; Draft correspondence to Trustee re same [.2] | 0.50 | hrs |
| 3/18/2015 | JML | Review and edit proposed settlement motion and related papers regarding settlement with Agenor and approve for filing | 0.30 | hrs |
| 3/18/2015 | EAM | Evaluate and revise settlement motion [.4]; Finalize motion for filing [.2]; Draft notice of hearing [.3]; Electronically file settlement motion and oversee service of same [.3]; Review matrix in ECF and prepare service list for service of notice of hearing [.7] | 1.90 | hrs |
| 3/18/2015 | EAM | Review and finalize for filing notice of reset hearing on objection to exemptions [.2]; Electronically file reset hearing notice and oversee service of same [.3] | 0.50 | hrs |
| 3/19/2015 | EAM | Review and finalize for filing notice of hearing on settlement motion [.2]; Review and finalize service list [.6]; Electronically file notice of hearing and oversee service of same [.3] | 1.10 | hrs |

**Summary of Time**

**Agenor, Ronald Jean Martin & Tonya Williams (Greg Hays, Chp.7 Trustee)**
**Case Administration**

| Attorney | Hours | Rate | Extension |
|---|---|---|---|
| Elizabeth A. Miller | 2.30 hrs | 150.00/hr | 345.00 |
| **TOTAL FEES** | **2.30 hrs** | | **345.00** |

Agenor, Ronald Jean Martin & Tonya Williams (Greg Hays, Chp.7 Trustee)
Case Administration
As of  3/2/2018

| Date | | Description | Hours | |
|---|---|---|---|---|
| 5/28/2014 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.10 | hrs |
| 6/4/2014 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.10 | hrs |
| 6/30/2014 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.10 | hrs |
| 7/11/2014 | EAM | Download claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.30 | hrs |
| 8/7/2014 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.20 | hrs |
| 8/28/2014 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.20 | hrs |
| 9/3/2014 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.10 | hrs |
| 9/29/2014 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.20 | hrs |
| 10/7/2014 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.20 | hrs |
| 11/20/2014 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.20 | hrs |
| 1/22/2015 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.10 | hrs |
| 2/9/2015 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.10 | hrs |
| 3/5/2015 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.10 | hrs |
| 3/19/2015 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.20 | hrs |
| 3/23/2015 | EAM | Download pleadings and claims docketed in case, copy documents to case management software, open and review documents when appropriate and input any response deadlines and hearing dates into calendaring software | 0.10 | hrs |

**Summary of Time**

**Agenor, Ronald Jean Martin & Tonya Williams (Greg Hays, Chp.7 Trustee)**
**Fee/Employment Applications**

| Attorney | Hours | Rate | Extension |
|---|---|---|---|
| J. Michael Lamberth | 1.80  hrs | 425.00/hr | 765.00 |
| Michael J. Bargar | 0.60  hrs | 225.00/hr | 135.00 |
| **TOTAL FEES** | **2.40  hrs** | | **900.00** |

Agenor, Ronald Jean Martin & Tonya Williams (Greg Hays, Chp.7 Trustee)
Fee/Employment Applications
As of  3/2/2018

| | | | | |
|---|---|---|---|---|
| 4/7/2014 | MJB | Draft LCSEN employment application [.3]; Draft correspondence to Trustee re same [.1]; Meet with Trustee re same [.2] | 0.60 | hrs |
| 11/20/2017 | JML | Initial drafting of application for final fees on behalf of LCEN and attendant document review and analysis [.7]; Review and clean up work on time entries for inclusion in fee app [.5] | 1.20 | hrs |
| 11/27/2017 | JML | Additional and further work on fee app for LCEN and related document assessment and review | 0.30 | hrs |
| 3/2/2018 | JML | Finalize application for final fees on behalf of LCEN | 0.30 | hrs |

**EXHIBIT "D" FOLLOW**

505598

Agenor, Ronald Jean Martin & Tonya Williams (Greg Hays, Chp.7 Trustee)
As of  3/2/2018

Note:       (1)    Photocopies are charged at $0.10 per page
            (2)    Fax charges are $0.25 per page
            (3)    All charges for mailing supplies and postage expense relate to notices to creditors
                   and are not overhead items
            (4)    Mileage is charged according to the IRS Standard Mileage Rate, parking at actual
                   cost

DISBURSEMENTS

| Date | Description | Amount |
|---|---|---|
| 4/8/2014 | Mailing Supplies for required notice | 5.50 |
| 4/9/2014 | Postage Expenses for required notice | 5.95 |
| 4/9/2014 | Mailing Supplies for required notice | 5.75 |
| 4/30/2014 | Copying expenses for April 2014 | 11.00 |
| 11/17/2014 | Copying expenses for November, 2014 | 2.00 |
| 11/17/2014 | Mailing Supplies for required notice of Second Notice of Reset Hearing. Postage 5 @.48 and Envelopes 5 @.10 | 2.90 |
| 1/22/2015 | Local Parking and Mileage to Hearing on Objection to Exemptions at IRS allowable rates | 12.67 |
| 3/18/2015 | Copying expenses for March, 2015 | 10.30 |
| 3/18/2015 | Mailing Supplies for required notice of Motion for Order Authorizing Compromise and Settlement with Debtors Under Federal Rules of Bankruptcy Procedure Rule 9019 and Compelling Payments Directly to Trustee and Fourth Notice of Reset Hearing. Postage 6 @.69 and Envelopes 6 @.10 | 4.74 |
| | TOTAL DISBURSEMENTS | 60.81 |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a true and correct copy of the foregoing *Notice of Filing* of *Application for Final Compensation of Counsel for Trustee* by depositing the same in the United States mail in a properly addressed envelope with adequate postage thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305-2153

Ronald Jean Martin Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

Tonya Williams Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

This 9th day of November, 2021.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

17348151v1