UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-51529-WLH |
| | : | |
| RONALD JEAN MARTIN AGENOR and | : | CHAPTER 7 |
| TONYA WILLIAMS AGENOR, | : | |
| | : | |
| Debtors. | : | |

**FIRST APPLICATION OF TRUSTEE FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

COMES NOW S. Gregory Hays, Chapter 7 Trustee for Ronal Jean Martin Agenor and Tonya Williams Agenor ("**Applicant**" or "**Trustee**"), and respectfully represents:

1.

Applicant is the duly authorized and acting Chapter 7 Trustee for the bankruptcy estate (collectively, the "**Bankruptcy Estate**") of Debtors.

2.

In the administration of said Bankruptcy Estate, Applicant has rendered those services required as Trustee since January 23, 2014, and makes this First Application of Trustee for Interim Compensation and Reimbursement of Expenses ("**First Application**") for the period of January 23, 2014 through and including October 31, 2021 ("**Application Period**").

3.

Applicant has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services Applicant has not contributed. Applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of fixing the amount

of the fees or other compensation to be paid to any party in interest, or any attorney or any party in interest herein for services rendered in connection therewith.

4.

Debtors filed this Bankruptcy Case as a no-asset case. [Doc. No. 1 at Page 1].

5.

Nevertheless, through the efforts of Trustee and his professionals, Trustee is currently holding $56,512.93 in the Bankruptcy Estate's bank account (through the settlement described below, Trustee will receive another approximately $35,000.00 for the benefit of the Bankruptcy Estate). As set forth below, Trustee recovered these funds through an objection to an exemption claimed by Mr. Agenor.

6.

In this regard, prior to the Petition Date, Mr. Agenor played professional tennis on the tour of the Association of Tennis Professionals (the "**ATP**"), but, importantly for Trustee, Mr. Agenor was not an employee of the ATP (this classification was, in part, what allowed Trustee to test the propriety of Mr. Agenor's claimed exemption in the ATP Plan).

7.

On his *Schedule C – Property Claimed as Exempt* [Doc. No. 1 at page 15 of 81), Mr. Agenor scheduled an exemption of his entire interest in an ATP Retirement Plan (the "**ATP Plan**") under O.C.G.A. § 44-13-100(a)(2.1)(C) (the "**Exemption**").

8.

After a detailed investigation by Trustee and his professionals, Trustee discovered that the ATP Plan is a split-dollar life insurance arrangement, whereby the ATP Tour, Inc. makes loans to former and/or current ATP tennis players to pay premiums for life insurance benefits represented

by various life insurance policies. As a result of playing on the ATP tour and through this program, Mr. Agenor is entitled to receive annual payments from his interest in the ATP Plan for 20 years (the "**Annual Payments**").

9.

After the Debtors' Section 341 meeting, a review of available documents, and detailed legal research by Trustee's professionals, Trustee determined that the claimed Exemption may have been inappropriate under applicable Georgia and federal laws, including the Bankruptcy Code and Tax Code.

10.

As a result, on July 30, 2014, Trustee filed an objection [Doc. No. 33], requesting, among other things, that the Court enter an order denying the Exemption.

11.

Debtors contested Trustee's arguments regarding the propriety of the Exemption, and, following negotiations, Trustee and Debtors entered into a settlement agreement (the "**Settlement Agreement**") regarding these issues, subject to Bankruptcy Court approval.

12.

On March 18, 2015, Trustee filed a settlement motion [Doc. No. 49] (the "**Settlement Motion**") in this regard, and, following a supplement [Doc. No. 55] filed on April 20, 2015, the Court entered an order [Doc. No. 59] approving the Settlement Motion and Settlement Agreement. As a result of the Settlement Agreement, the Bankruptcy Estate will receive $94,500.00 from the Annual Payments. To date, Trustee has received approximately $58,000.00 and is preparing to make an interim distribution to Debtors' unsecured creditors.

13.

Because of the additional time required to collect the remaining Annual Payments, contemporaneously with the filing of this Application, Trustee has filed a Motion for Authority to Make Interim Distribution, which proposes a 100% distribution to allowed priority tax claims and a 1.0% distribution to allowed general unsecured claims. All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the administration of the bankruptcy case. The Trustee anticipates additional payments to unsecured creditors as the Annual Payments are collected. All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the final administration of the Bankruptcy Case.

14.

The statutory allowance pursuant to 11 U.S.C. §326 based on the entire pendency of this case is $5,995.33 comprised of $2,328.07 in distributions to date plus proposed distributions of $52,578.50 pending before this Court. The reasonable value of the services rendered by Applicant in these proceedings under Chapter 7 for the Application Period is $5,995.33 as calculated on Exhibit "A."

15.

This Application is filed pursuant to §330 and §331 of the U.S. Bankruptcy Code. Applicant shows that the interim compensation requested by Applicant satisfies the standards and guidelines set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (U.S.C.A. 5th 1974), and In Re First Colonial Corporation, 544 F.2d 1291 (U.S.C.A. 5th 1977), as amplified by Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). Trustee shows that pursuant to 11 U.S.C. §326, Trustee is entitled to $5,995.33, as Trustee commission based on distributions to date plus proposed distribution of non-exempt funds.

16.

Applicant has incurred actual and necessary costs and expenses properly paid in his own funds, in the amount of $62.31, which are chargeable to the Bankruptcy Estate, none of which have been repaid, and for which the Trustee requests reimbursement. A list of said expenses is attached hereto as Exhibit "B".

**WHEREFORE**, Trustee respectfully requests this Court to enter an order:

(a)  Allowing Applicant additional interim compensation in the amount of $5,995.33 for services rendered by the Trustee;

(b)  Allowing Applicant the sum of $62.31 for the reimbursement of actual and necessary out-of-pocket expenses incurred in this bankruptcy case during the Application Period;

(c)  Authorizing the Trustee to pay Applicant the allowed compensation and expenses, totaling $6,057.64, from Trustee's fiduciary account for this Bankruptcy Case; and

(d)  Granting Applicant such other and further relief as may be just and proper.

Respectfully submitted this 9th day of November 2021.

                                                        */s/ S. Gregory Hays*
                                                        S. Gregory Hays
                                                        Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Ste 555
Atlanta, Georgia 30305
(404) 926-0060

# Exhibit "A"

## Trustee Compensation

| | | | |
|---|---:|---:|---:|
| Total Recoveries | | $58,841.00 | |
| **Distributions to Date** | | **$2,328.07** | |
| Cash in Bank (1/4/2021) | | $56,512.93 | |
| | | | |
| Proposed Payments Pending Before Court | | | |
|     Professional Fee Applications | | $44,633.20 | 100% |
|     Priority Claims | | $5,478.77 | 100% |
|     Unsecured Claims | | $2,466.53 | 1.00% |
| **Total Proposed Distributions** | | **$52,578.50** | |
| | | | |
| **Distributions to Date Plus Proposed Interim Distributions** | | **$54,906.57** | |

Pursuant to 11 U.S.C. 326, compensation is computed as follows:

| | | |
|---|---:|---:|
|     25% of First $5,000 | $5,000.00 | $1,250.00 |
|     10% of Next $45,000 | $45,000.00 | $4,500.00 |
|     5% of Next $950,000 | $4,906.57 | $245.33 |
|     3% of Balance | $0.00 | $0.00 |
| | | |
| **Total Compensation Requested:** | **$54,906.57** | **$5,995.33** |

# Hays Financial Consulting, LLC
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Ronald Agenor & Tonya Agenor**

**For the Period from  1/23/2014  to  10/31/2021**

November 3, 2021

| | Amount |
|---|---:|
| **Expenses** | |
| 1/17/2016  2016 Bond fee | 4.30 |
| 1/13/2017  2017 Bond fee | 6.91 |
| 1/5/2018  2018 Blanket Bond Fee | 9.24 |
| 1/4/2019  2019 Bond fee | 1.20 |
| 1/4/2020  2020 Bond fee | 17.39 |
| 1/12/2021  2021 Bond fee | 23.27 |
| Subtotal | 62.31 |
| **Total costs** | **$62.31** |

## CERTIFICATE OF SERVICE

This is to certify that I caused to be served the foregoing *First Application of Trustee for Interim Compensation and Reimbursement of Expenses* by causing a copy of same to be deposited in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303

Ronald Jean Martin Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

Tonya Williams Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

This 9th day of November, 2021.

                                                            */s/ S. Gregory Hays*
                                                            S. Gregory Hays
                                                            Chapter 7 Trustee