UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-51529-WLH |
| | : | |
| RONALD JEAN MARTIN AGENOR and | : | CHAPTER 7 |
| TONYA WILLIAMS AGENOR, | : | |
| | : | |
| Debtors. | : | |

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF HAYS FINANCIAL
CONSULTING, LLC, AS ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE**

**COMES NOW** Hays Financial Consulting, LLC ("**HFC**" or "**Applicant**"), accountants to S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the above-styled case, and, pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016, and files this second interim application ("**Application**") seeking allowance of compensation in the amount of $8,850.00 and reimbursement of expenses in the amount of $702.89 for the period from November 3, 2016 through and including October 31, 2021 (the "**Application Period**"). In support hereof, Applicant shows as follows:

1.

On January 23, 2014 (the "**Petition Date**"), Ronald Jean Martin Agenor and Tonya Williams Agenor ("**Debtors**") filed a voluntarily petition under Chapter 7 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 14-51529-WLH (the "**Case**"). Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Case.

2.

On April 18, 2014, the Trustee filed an Application to Employ Hays Financial Consulting, LLC as Accountants for the Trustee [Doc. No. 21]. On October 3, 2014, an Order approving the

employment of HFC as Accountants to the Trustee was entered [Doc. No. 38].

3.

Pursuant to this Application, Applicant seeks interim approval, allowance, and payment pursuant to §§ 330 and 331 of the Bankruptcy Code of compensation for services rendered as accountants for the Trustee incurred in connection therewith during the Application Period.

4.

For the period covered by this application, HFC devoted a total of not less than 29.5 hours in rendering services as accountants to the Trustee. Applicant has not previously been allowed or paid any compensation for the period covered by this application. Summaries of hours spent by subject area and by professional are attached as Exhibit "A".

5.

The Trustee is currently holding $56,512.93 in the Bankruptcy Estate's bank account. The estate funds resulted from a settlement between the Trustee and Mr. Agenor [See Motion (Dkt. Nos. 49 & 55) and Order (Dkt. No. 59)] whereby Mr. Agenor pays a total of $94,500.00 to Trustee from annual payments ("Annual Payments") received from Mr. Agenor's interest in an Association of Tennis Professionals retirement plan by turning over, or causing to be turned over, to Trustee 60% of each annual payment until the $94,500.00 is paid in full. The Trustee has received six Annual Payments and expects four to five additional Annual Payments.

6.

To date, Trustee has recovered a total of $58,841.00 from the Bankruptcy Estate's share of the Annual Payments and has paid net administrative expenses totaling $2,328.07 primarily relating to bank and technology fees.

7.

Because of the additional time required to collect the remaining Annual Payments, contemporaneously with the filing of this Application, Trustee has filed a Motion for Authority to Make Interim Distribution, which proposes a 100% distribution to allowed priority tax claims and a 1.0% distribution to allowed general unsecured claims. All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the administration of the bankruptcy case. The Trustee anticipates additional payments to unsecured creditors as the Annual Payments are collected. All claim issues have been resolved and appropriate reserves have been made for fees and expenses associated with the final administration of the Bankruptcy Case.

8.

The services of the Applicant during the Application Period are summarized by category below.

> **Tax Issues.** This category includes activity by the Applicant including (1) analysis of the estate income from the settlement involving payments from Mr. Agenor's interest in an Association of Tennis Professionals retirement plan and the preparation of federal and state tax returns of the bankruptcy estate, (2) preparation of letters pursuant to bankruptcy code section 505(b), (3) review of receipts and calculation of estimated quarterly tax payments, and (4) researching and resolving tax lien issues.

9.

Applicant shows that all services were necessary to assist the Trustee in the proper and effective administration of the Debtors' estate and the exercise of the powers of the Trustee. Applicant shows that the fair and reasonable value of such services, and the costs of comparable

services in a case not proceeding under the Bankruptcy Code, is not less than $8,850.00, based primarily on the normal hourly rates of providing such services and calculated using the "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as summarized on Exhibit "A". The time expended and services performed by HFC are duly itemized and set forth in Exhibit "B" attached hereto and by reference incorporated herein and made part of this Application.

10.

Applicant shows that all services for which compensation during this Application Period is requested have been actually provided to the Debtors and/or the Trustee, and to no other parties, and have been necessary for the proper and effective administration of this case and for the benefit of the Debtors' estate and its creditors.

11.

Applicant's employees have substantial experience and expertise in providing financial and accounting services in bankruptcy cases and to fiduciaries in such cases. Applicant's employee hourly rates are fair and reasonable and the same as the cost for such services other than in a bankruptcy case.

12.

The compensation requested is allowable pursuant to the twelve factor test (the "Johnson Factors") set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), as modified and made applicable to bankruptcy cases by the Eleventh Circuit Court of Appeals in Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990). The Johnson Factors and their applicability in these cases are as follows:

(a) <u>Time and Labor Required</u>: HFC expended 29.5 hours in performing services as accountants to the Trustee during the Application Period. The billing rates of the various professionals and other personnel who have performed services for the Committee are detailed in HFC's billing statements, which are attached hereto as Exhibit "A".

(b) <u>Novelty and Difficulty of Questions Presented</u>: The work performed by HFC has involved issues of varying complexity, as set forth in substantial detail in the billing statements attached to this Application.

(c) <u>Skill Requisite to Perform Professional Services:</u> The Trustee selected HFC as its accountants because HFC's professionals possess substantial expertise and experience in bankruptcy and related fields and are well-qualified to perform professional services.

(d) <u>Preclusion of Other Employment Due to Acceptance of the Cases:</u> Professionals of HFC have devoted time and resources to these cases, to the possible preclusion of involvement in other matters.

(e) <u>Customary Fees for the Type of Services Rendered</u>: HFC believes that the fees requested and the hourly rates set forth herein are consistent fees typically charged for the type of services rendered in cases of this magnitude and complexity. The hourly rates charged by HFC in this Application are comparable to the rates that HFC would charge to a non-bankruptcy client for work of a similar nature and complexity.

(f) <u>Whether the Fee is Fixed or Contingent</u>: Pursuant to section 330(a) of the Bankruptcy Code, HFC's fee is subject to Court approval, and is primarily based upon

hourly rates and does not involve any fixed or flat fees. Compensation is "contingent" only in the sense that there are risks of non-allowance or non-payment.

(g) <u>Time Limitations Imposed by the Client or Other Circumstances</u>: Certain tax filing deadlines have been applicable herein.

(h) <u>The Amount Involved and Results Obtained</u>: HFC shows that the Trustee, with the assistance of all professionals involved, has achieved a successful result in this case.

(i) <u>The Experience, Reputation, and Ability of the Professional</u>: HFC has extensive experience in bankruptcy matters. Its reputation and ability are well known to the Court.

(j) <u>Undesirability of the Case</u>: This factor is inapplicable to the present Chapter 7 cases.

(k) <u>Nature and Length of Professional Relationship with the Client</u>: HFC was employed by the Trustee as his accountants in this bankruptcy case. Thus, the professional relationship is an ongoing one.

(l) <u>Awards in Similar Cases</u>: HFC is regularly awarded compensation in Chapter 7 and Chapter 11 cases on the same basis as requested herein.

13.

In connection with the provision of services as set forth herein above, Applicant has incurred expenses in the amount of $702.89. Expenses are summarized on **Exhibit "A"** and itemized on **Exhibit "C"** attached hereto and incorporated herein. Applicant seeks allowance of said expenses as reasonable and necessarily incurred.

14.

No agreement or understanding exists between HFC and any other person for the sharing of compensation to be received for services rendered in connection with this case. All services for which compensation is requested were performed for the Trustee and the estate and not on behalf of any committee, creditor or any other person or persons.

15.

Based on the foregoing, Applicant seeks interim allowance of $8,850.00 as compensation and reimbursement of $702.89 in expenses for the period covered by this Application. Applicant shows that compensation in such amount is reasonable compensation based on the nature, the extent, and the value of services rendered, the time spent to provide such services, and the cost of comparable services other than in a bankruptcy case.

16.

Attached hereto as Exhibit "D" is a Declaration of S. Gregory Hays, Managing Principal of Applicant, confirming the facts set out in the Application and exhibits hereto.

**WHEREFORE**, Applicant respectfully prays:

a. That Applicant be allowed interim compensation in the amount of $8,850.00 as and for the reasonable value of services rendered in connection with its retention as accountants for the Trustee for the Application Period;

b. That Applicant be allowed the sum of $702.89 for the reimbursement of out-of-pocket expenses incurred in this case during the Application Period;

c. that the Court authorize payment of amounts allowed as deemed appropriate and equitable by the Court from the fund available in the bankruptcy estate; and

      d.      that the Court grant such other and further relief as may be just and proper.

Respectfully submitted, this 9th day of November, 2021.

                                                            */s/ S. Gregory Hays*

2964 Peachtree Rd, NW Ste. 555      S. Gregory Hays  
Atlanta, Georgia 30305  
(404) 926-0060

# Exhibit A

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Ronald Martin Agenor and Tony Williams Agenor**
**Case # 14-51529-WLH**

For the Period from    11/3/2016   to   10/31/2021

November 3, 2021

Professional Services

|  | Hours | Amount |
|---|---:|---:|
| Tax Issues | 29.50 | 8,850.00 |
| **For professional services rendered** | **29.50** | **$8,850.00** |

Additional Charges :

|  |  |
|---|---:|
| Copying Cost | 0.75 |
| Postage | 42.97 |
| Tax Return Filing Fees | 659.17 |
| **Total costs** | **$702.89** |
|  |  |
| **Total amount of this bill** | **$9,552.89** |

# Hays Financial Consulting, LLC
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Ronald Martin Agenor and Tony Williams Agenor**
**Case # 14-51529-WLH**

**For the Period from    11/3/2016    to    10/31/2021**

November 3, 2021

Professional Services

|  | **Hrs/Rate** | **Amount** |
|---|---:|---:|
| James R. Jennings, CPA | 26.70<br>300.00/hr | 8,010.00 |
| Scott S. Askue | 2.80<br>300.00/hr | 840.00 |
| **For professional services rendered** | **29.50** | **$8,850.00** |

Additional Charges :

| | |
|---|---:|
| Copying Cost | 0.75 |
| Postage | 42.97 |
| Tax Return Filing Fees | 659.17 |
| **Total costs** | **$702.89** |
| | |
| **Total amount of this bill** | **$9,552.89** |

---

CFE - Certified Fraud Examiner                                        CPA - Certified Public Accountant
CIRA - Certified Insolvency and Restructuring Advisor        PHR - Professional in Human Resources
CTP - Certified Turnaround Professional

# Exhibit B

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Ronald Martin Agenor and Tony Williams Agenor**
**Case # 14-51529-WLH**

For the Period from    11/3/2016   to   10/31/2021

November 3, 2021

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  | **Tax Issues** |  |  |  |
| 11/3/2016 | JRJ | Reviewed 2015 receipts and expenses. Prepared draft of Federal Pro forma 1040 for year ended 12/31/2015. | 1.00 300.00/hr | 300.00 |
|  | JRJ | Prepared draft of year ended 12/31/2015 Federal Form 1041 for bankruptcy estate. | 0.80 300.00/hr | 240.00 |
|  | JRJ | Prepared draft of year ended 12/31/2015 Georgia pro forma Form 500 for bankruptcy estate. | 0.80 300.00/hr | 240.00 |
|  | JRJ | Prepared draft of year ended 12/31/2015 Georgia Form 501 for bankruptcy estate of Ronald M. Agenor. | 0.80 300.00/hr | 240.00 |
| 11/4/2016 | JRJ | Researched Internal Revenue Code Section 72 regarding Split Dollar life insurance payments and taxability of annuity payments regarding same (for determining taxable component of life insurance settlement). Had lengthy discussion with trustee counsel regarding same and requested missing information to be obtained from Debtor and Debtor insurance company. | 1.00 300.00/hr | 300.00 |
|  | SSA | Reviewed settlement and discussed nature of recovery with Jim Jennings for preparation of estimated tax payments. | 0.50 300.00/hr | 150.00 |
| 11/9/2016 | SSA | Reviewed file and docket. Drafted summary of case and tax impact of transactions. | 0.40 300.00/hr | 120.00 |
| 4/12/2017 | JRJ | Reprocessed extension for paper filing after IRS rejected electronic filing (problem with Bankruptcy estates currently being researched by IRS). Prepared Certified mailing package and sent in USPS mail. | 1.00 300.00/hr | 300.00 |
| 6/20/2017 | JRJ | Prepared draft of 2016 pro forma Form 1040 after reviewing 2016 activity per Form 2. | 1.90 300.00/hr | 570.00 |
|  | JRJ | Prepared draft of 2016 pro forma Form 1041 and Georgia Form 501 after reviewing 2016 activity per Form 2. | 1.90 300.00/hr | 570.00 |
| 7/1/2017 | JRJ | Finalized 2016 tax returns and sent draft of 2016 returns and check requests to Scott Askue for review and comment. | 0.90 300.00/hr | 270.00 |
| 7/6/2017 | SSA | Reviewed tax return and verified content. | 0.20 300.00/hr | 60.00 |
| 7/7/2017 | JRJ | Finalized and processed 2016 Federal and Georgia estate income tax returns of the Bankruptcy Estate after Scott Askue comments. | 1.80 300.00/hr | 540.00 |
|  | JRJ | Finalized and processed 2016 Federal and Georgia 505b Requests For Prompt Determination for the Bankruptcy Estate. | 1.20 300.00/hr | 360.00 |
| 7/10/2017 | JRJ | Finalized and processed Federal 1041/1040 and Georgia 501/500 for year ended 12/31/15. | 1.20 300.00/hr | 360.00 |
| 7/19/2017 | JRJ | Performed final processing and mailing of executed 2015 Federal and Georgia tax returns of Bankruptcy Estate. | 0.20 300.00/hr | 60.00 |

**Ronald Martin Agenor and Tony Williams Agenor**  Page 2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/26/2017 | JRJ | Prepared Rule 505b Request For Prompt Determination for year ended 12/31/2015 Form 1041 and Georgia Form 501. | 1.20<br>300.00/hr | 360.00 |
| 9/29/2017 | JRJ | Researched and responded to IRS notices regarding non payment of tax. | 0.50<br>300.00/hr | 150.00 |
| 11/1/2017 | JRJ | Researched taxability of insurance proceeds to estate in 2015 (correspondence from Trustee counsel). Prepared amended Federal tax return for year ended 12/31/15 in order to recover Federal taxes paid based on estimates. | 1.90<br>300.00/hr | 570.00 |
| | JRJ | Researched taxability of insurance proceeds to estate in 2015 (correspondence from Trustee counsel). Prepared amended Georgia tax return for year ended 12/31/15 in order to recover Georgia taxes paid based on estimates. | 1.90<br>300.00/hr | 570.00 |
| 11/3/2017 | JRJ | Researched taxability of insurance proceeds to estate in 2016 (correspondence from Trustee counsel). Prepared amended Federal tax return for year ended 12/31/16 in order to recover Federal taxes paid based on estimates. | 1.90<br>300.00/hr | 570.00 |
| | JRJ | Researched taxability of insurance proceeds to estate in 2016 (correspondence from Trustee counsel). Prepared amended Georgia tax return for year ended 12/31/16 in order to recover Georgia taxes paid based on estimates. | 1.90<br>300.00/hr | 570.00 |
| 11/6/2017 | JRJ | Prepared amended Rule 505b requests and all returns and attachments for the Federal Estate return for year ended 12/31/15. | 0.50<br>300.00/hr | 150.00 |
| | JRJ | Prepared amended Rule 505b requests and all returns and attachments for the Federal Estate return for year ended 12/31/16. | 0.50<br>300.00/hr | 150.00 |
| | JRJ | Prepared amended Rule 505b requests and all returns and attachments for the Georgia Estate return for year ended 12/31/15. | 0.50<br>300.00/hr | 150.00 |
| | JRJ | Prepared amended Rule 505b requests and all returns and attachments for the Georgia Estate return for year ended 12/31/16. | 0.50<br>300.00/hr | 150.00 |
| 11/24/2017 | JRJ | Researched refund check from Georgia Dept of Revenue for year ended 12/31/15. Reconciled to originally filed return. | 0.80<br>300.00/hr | 240.00 |
| 10/9/2018 | SSA | Reviewed tax lien on assets and tax claims filed. | 0.30<br>300.00/hr | 90.00 |
| 10/29/2018 | JRJ | Reviewed case activity for 2018 and scheduled comments for Scott Askue. | 0.10<br>300.00/hr | 30.00 |
| 6/18/2019 | SSA | Reviewed proof of claims and lien filings of the IRS. Left voice mail message for same regarding current status. | 0.60<br>300.00/hr | 180.00 |
| 5/11/2020 | SSA | Reviewed file and left message for Anne Arnold regarding updates to the IRS' POC. | 0.50<br>300.00/hr | 150.00 |
| 6/15/2020 | SSA | Reviewed amended claim filed by the IRS and treatment in an interim distribution. | 0.30<br>300.00/hr | 90.00 |
| | | Subtotal | 29.50 | 8,850.00 |
| | | **For professional services rendered** | **29.50** | **$8,850.00** |

# Exhibit C

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Ronald Martin Agenor and Tony Williams Agenor**
**Case # 14-51529-WLH**

**For the Period from    11/3/2016   to   10/31/2021**

November 3, 2021

| | | **Amount** |
|---|---|---:|
| | **Expenses** | |
| 4/19/2017 | Postage - extension | 6.59 |
| 7/1/2017 | State of Georgia 2015 income tax. | 215.00 |
| | IRS 2015 federal income tax | 30.00 |
| 7/7/2017 | State of Georgia income tax 2016 | 197.00 |
| | IRS 2016 estate income tax | 30.00 |
| 7/31/2017 | Postage | 10.03 |
| 8/31/2017 | Postage | 4.27 |
| | 1040-2016 filing license fee. | 35.00 |
| | 1041-2016 filing license fee. | 35.00 |
| | 1041-2016 refund request license fee. | 35.00 |
| 9/30/2017 | IRS filing fee. | 82.17 |
| | Postage | 0.67 |
| | Copying cost | 0.75 |
| 11/30/2017 | Postage | 19.36 |
| 12/31/2019 | Postage | 2.05 |
| | Subtotal | 702.89 |
| | **Total costs** | **$702.89** |

# Exhibit "D" Follows

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-51529-WLH |
| | : | |
| RONALD JEAN MARTIN AGENOR and | : | CHAPTER 7 |
| TONYA WILLIAMS AGENOR, | : | |
| | : | |
| Debtors. | : | |

# DECLARATION

I, S. Gregory Hays, declare under penalty of perjury that:

1. I am the Managing Principal at Hays Financial Consulting, LLC ("HFC") and have knowledge of the facts set forth herein.

2. The facts set out in the foregoing First Interim Application for Allowance of Compensation and Reimbursement of Expenses of Hays Financial Consulting, LLC as Accountants to the Chapter 7 Trustee and in the exhibits attached thereto are true and correct to the best of my knowledge, information and belief. Those facts are known to me personally and by business records of HFC, maintained in the ordinary course of business, including time and reimbursement records made by personnel at HFC.

                                                                                         */s/ S. Gregory Hays*
                                                                                          S. Gregory Hays

## CERTIFICATE OF SERVICE

This is to certify that I caused to be served the foregoing *First Interim Application for Allowance of Compensation and Reimbursement of Expenses of Hays Financial Consulting LLC as Accounts to the Chapter 7 Trustee* causing a copy of same to be deposited in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA  30303

Ronald Jean Martin Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

Tonya Williams Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

This 9th day of November, 2021.

<u>    /s/ S. Gregory Hays   </u>
S. Gregory Hays