

**IT IS ORDERED as set forth below:**

**Date: December 8, 2021**

_____

**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RONALD JEAN MARTIN AGENOR and | : | CASE NO. 14-51529 - WLH |
| TONYA WILLIAMS AGENOR, | : | |
| | : | |
| Debtors. | : | |
| | : | |

**ORDER GRANTING (A) FIRST APPLICATION OF TRUSTEE FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES; (B) FINAL
APPLICATION OF LAMBERTH CIFELLI ELLIS & NASON P.A. FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR
TRUSTEE; (C) FIRST INTERIM APPLICATION OF ARNALL GOLDEN GREGORY
LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS COUNSEL FOR TRUSTEE; AND (D) FIRST INTERIM APPLICATION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF HAYS FINANCIAL CONSULTING, LLC, AS ACCOUNTANTS
FOR CHAPTER 7 TRUSTEE**

On November 9, 2021, S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for Ronald Jean

Martin Agenor ("**Mr. Agenor**") and Tonya Williams Agenor ("**Mrs. Agenor**" and collectively with

Mr. Agenor, "**Debtors**"), filed his first interim application [Doc. No. 81] (the "**Trustee**

**Application**") for allowance of interim compensation in the amount of $5,995.33 and

17466541v1

reimbursement of expenses in the amount of $62.31; Lamberth, Cifelli, Ellis & Nason, P.A., Trustee's original attorneys in this matter, filed its final application [Doc. No. 80] (the "**LCEN Application**") for allowance of final compensation in the amount of $18,217.50 and reimbursement of expenses in the amount of $60.81; Arnall Golden Gregory LLP ("**AGG**"), as attorneys for Trustee, filed its first interim application [Doc. No. 79] (the "**AGG Application**") for allowance of interim compensation in the amount of $10,707.50 and reimbursement of expenses in the amount of $36.86; and, Hays Financial Consulting, LLC ("**HFC**"), as accountants for Trustee, filed its first interim application [Doc. No. 82] (the "**HFC Application**" together with the Trustee Application, LCEN Application, and the AGG Application, the "**Fee Applications**") for allowance of interim compensation in the amount of $8,850.00 and reimbursement of expenses in the amount of $702.89.

On November 10, 2021, Trustee filed a *Notice of Pleading, Deadline to Object, and for Hearing* [Doc. No. 84] (the "**Notice**"), in accordance with General Order No. 24-2018, and setting hearings on the Fee Applications on December 16, 2021 (the "**Hearing**"). Counsel for Trustee asserts that he served the Notice on all requisite parties in interest. [Doc. No. 85].

On November 11, 2021, Trustee filed an *Amended Notice of Pleading, Deadline to Object, and for Hearing* [Doc. No. 86] (the "**Amended Notice**"), again in accordance with General Order No. 24-2018. Counsel for Trustee certifies that he served the Amended Notice on all requisite parties in interest. [Doc. No. 87].

The Amended Notice provided notice of the opportunity to object and for hearing pursuant to the procedures in General Order No. 24-2018. No objection to the Fee Applications was filed prior to the objection deadline provided in the Amended Notice.

The services sought to be compensated in the Fee Applications have been evaluated under

17466541v1

11 U.S.C. §§ 326, 330, and 331.  The compensation requested by Trustee is equal to the statutory

fee provided in 11 U.S.C. §326, and appears reasonable under the circumstances.   The

compensation of Trustee's professionals is reasonable under the circumstances.   Under the

principles set forth in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th

Cir. 1988), and this Court's knowledge of prevailing market rates and an evaluation of the skill,

experience, and reputation of the professional applicants, the hourly rates, which they seek to

charge, are reasonable.   Review of the Fee Applications shows the hours expended were

reasonable. The Court further finds that the expenses, for which reimbursement is sought, were

reasonable and necessary in rendering the services.   No factors are present in this case that

require reduction or enhancement of the lodestar.   Accordingly, and for good cause shown, it is

hereby

**ORDERED** that the Fee Applications are **GRANTED**.  It is further

**ORDERED** that Trustee is allowed compensation in the amount of $5,995.33 plus $62.31

as reimbursement for expenses.  It is further

**ORDERED** that LCEN is allowed compensation in the amount of $18,217.50 plus

$60.81 as reimbursement for expenses and this allowance is made final.  It is further

**ORDERED** that AGG is allowed compensation in the amount of $10,707.50 plus $36.86

as reimbursement for expenses.  It is further

**ORDERED** that HFC is allowed compensation in the amount of $8,850.00 plus $702.89

as reimbursement for expenses.  It is further

**ORDERED** that the Trustee is authorized to pay the full amount of the awarded

compensation and expenses approved in this Order, subject to Trustee's making the interim

3

17466541v1

distributions that he requested in his *Motion for Authority to Make Interim Distribution* [Doc. No.

78].

## [END OF DOCUMENT]

Order prepared and presented by:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-7030/ Fax:  (404) 873-7031
michael.bargar@agg.com

**Identification of parties to be served:**

Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Ronald Jean Martin Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

Tonya Williams Agenor
20533 Biscayne Blvd #119
Aventura, FL 33180

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road NW
Atlanta, GA 30305-2153

17466541v1